THEODORE VOLOSKO, Respondent, *v.* INTERURBAN STREET
RAILWAY COMPANY, Appellant.

1. NEGLIGENCE — WHEN FAILURE TO LOOK FOR OR LISTEN TO
APPROACHING CAR CONSTITUTES CONTRIBUTORY NEGLIGENCE AS MATTER
OF LAW. Where the evidence in an action for personal injuries caused
by a collision with an electric street car establishes the fact that the plain-
tiff neither looked to see nor listened to hear whether a car was approach-
ing and he could have done both with but slight effort, he is chargeable
with contributory negligence as matter of law.

2. SAME: Assuming, but not deciding, that the plaintiff had the same
right as a laborer working in the street for the public had and was not
bound to exercise the same degree of care required of the ordinary pedes-
trian, he was bound to use reasonable care, and having failed to do so, he
cannot recover.

*Volosko* v. *Interurban St. Ry. Co.*, 113 App. Div. 747, reversed.

(Submitted November 26, 1907; decided December 10, 1907.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
June 8, 1906, which reversed a judgment in favor of defend-
ant entered upon a dismissal of the complaint by the court at
a Trial Term and an order denying a motion for a new trial,
and granted a new trial.

This action was brought to recover damages alleged to have
been sustained by the plaintiff through the negligence of the
defendant. At the close of the evidence for the plaintiff he
was nonsuited by the trial justice, but on appeal to the Appel-
late Division the judgment was reversed and a new trial
granted, two of the justices dissenting. The defendant there-
upon appealed to this court and gave the usual stipulation for
judgment absolute in case the order of reversal should be
affirmed.

The facts, so far as material, are stated in the opinion.

*Bayard H. Ames* and *Henry A. Robinson* for appellant.
The complaint was properly dismissed, because the evidence
raised no question of freedom from contributory negligence

for submission to the jury. (*Smith* v. *Bailey*, 14 App. Div. 283; *O'Connor* v. *Union Ry. Co.*, 67 App. Div. 99; *McKeown* v. *C. S. R. Co.*, 2 Ohio Leg. News, 388; *Lyons* v. *Bay City S. R. Co.*, 115 Mich. 114; *Daly* v. *D. C. S. R. Co.*, 105 Mich. 193; *Eddy* v. *C., etc., R. Co.*, 98 Iowa, 626; *Young* v. *C. R. R. Co.*, 148 Ind. 54; *Gratwhol* v. *N. Y. C. & H. R. R. R. Co.*, 116 App. Div. 176; *Clark* v. *N. Y. & C. R. Co.*, 80 Hun, 320; *Hopper* v. *Benne*, 114 App. Div. 572.)

*Rudolph Marks* for respondent. Upon the evidence in the case the plaintiff cannot be charged with such contributory negligence, as a matter of law, as to warrant a nonsuit. (*Smith* v. *Bailey*, 14 App. Div. 283; *O'Connor* v. *U. Ry. Co.*, 67 App. Div. 99.) To justify a nonsuit on the ground of contributory negligence the case must be one where no other inference could possibly be drawn from the evidence adduced. (Wells on Questions of Law & Fact, § 265; *Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419; *Thurber* v. *H. B., M. & F. R. R. Co.*, 60 N. Y. 326; *Maher* v. *C. P., N. & E. R. R. Co.*, 67 N. Y. 52; *Bengivenga* v. *B. H. R. R. Co.*, 48 App. Div. 515; *Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y. 383.) Absence of contributory negligence may be inferred from the circumstances. (*Stackus* v. *R. R. Co.*, 79 N. Y. 464; *Harris* v. *Perry*, 89 N. Y. 308.)

Vann, J. The plaintiff was injured in an accident which occurred on the afternoon of May 12th, 1903, near the middle of the block which lies on East Tenth street between Avenues A and B in the borough of Manhattan. Said block is six hundred feet long and the double tracks of the defendant's electric railroad extend through it with a branch curving around the corner into each of said avenues. The plaintiff was engaged in unloading blocks of marble from a wagon standing north of and parallel to the north rail of the north track. The distance between that rail and the hub of the rear wheel nearest thereto was five or six inches. The plaintiff insisted that the horse

hitched to the wagon was facing east, but all the other witnesses swore it was facing west. Some of the blocks were so large that he could not unload them from the rear of the wagon and as he was instructed by his employer not to stand on them, he stepped upon the hub of the rear wheel nearest the track and stood there. The work required him to lean over facing toward the north. At first he was occupied in removing hay wrapped around the marble, but finally he bent over to lift a large block, but before he got hold of it he was struck on the right side by a closed car, projecting over the tracks in the usual way and injured more or less severely. The car after turning into Tenth street from Avenue B, ran rapidly, silently and without warning. The tracks were unobstructed and in plain sight for three hundred feet in either direction. The plaintiff could not see the car when it was on the avenue, but it came into full view as it turned around the corner and it continued in full view until it struck him. He knew the tracks were there, but he looked in neither direction before he got on the hub nor while he stood there at work for five or ten minutes immediately preceding the accident. The wagon had been there for a quarter of an hour, but no car had passed during that period. The motorman gave no signal until just before the collision, when he rang the bell, but the car did not stop until it was "two houses away from the wagon."

As the plaintiff was nonsuited, he is entitled to the most favorable inferences that the jury could reasonably draw from the evidence and we have stated the facts on that theory. While the jury would have been authorized to find the defendant guilty of negligence, was the evidence strong enough to permit them to find the plaintiff free from contributory negligence? We think not, because he knew that he was in a place of danger and it was his duty to exercise some care for his own safety, yet he took no care whatever. While he had a right to stop his wagon where he did, temporarily, for the purpose of unloading, his rights were subordinate to those of the railroad company which had the right of way. He had

no right to obstruct travel upon the railroad and it was his duty to get out of the way when a car came along so as to let it pass.    Still the motorman had no right to run him down if he did not get out of the way, for it was his duty to approach carefully, with his car under control so that he could stop promptly if necessary to prevent an accident.    Each party had the right to assume that the other would do his duty, but neither had the right to so act that if the other did not do his duty a collision would follow.    The plaintiff's work required him to stoop with his back to the track, but there was no evidence tending to show that he could not have glanced both to the right and left to see whether a car was approaching.    Whether the car came from the east or west, his side, not his back, was toward it and he did not have to move his body in order to see it.    He knew that he was in a dangerous place and it was his duty to act accordingly.    Every person is bound to use reasonable care to avoid known dangers and if he fails in this duty to himself, the loss ensuing does not fall on another whose negligence helped to bring about the result, for the law does not apportion negligence nor assign to each party responsibility for his own contribution.    The one guilty of contributory negligence must bear the loss alone.

The plaintiff had no right to assume that there was no danger because no car had passed for fifteen minutes, as the longer the interval without a car the stronger the probability that one would come along at once.    He stood for five or ten minutes so near the track of a street railroad as to be within reach of a passing car without once looking to see or listening to hear whether one was coming, and we think he was guilty of negligence as matter of law, even if his duties required him to stoop over so that looking or listening was not as easy as if he had been in an upright position.    He placed himself in a situation of danger, knowing what was likely to occur unless he took care of himself, without exercising any more care than if he had been seated on his own door step.    After he got the hay out of the way, and just before he stooped to get hold of the heavy stone, he could have straightened up

and looked, or he could have looked as he was bending over, and he could have listened while at his work, but he made no more use of his senses to protect himself than if he had none. He neither looked himself nor asked the foreman or driver, who were near by, to keep a lookout for him. The question of contributory negligence has not yet ceased to be one of law in cases of this kind, when there is. no evidence whatever on the subject to be considered by the jury, for the burden of proof is on the plaintiff to show that he was free from negligence. Every permissible inference from the evidence leads to the conclusion that the plaintiff could have seen the car if he had looked, and that with but slight effort he could have looked. It simply involved turning his head slightly in one direction, for the cars from the west did not use the track near which he stood. The law required him to use ordinary care, such as a person of average prudence would use under like circumstances, but he used no care at all. .

The plaintiff resists this appeal by citing certain cases which relax the rule governing the subject of contributory negligence as to persons employed to work in the street by the municipal body whose duty it is to keep the streets in repair. (*Smith* v. *Bailey*, 14 App. Div. 283; *O'Connor* v. *Union Railway Co.*, 67 App. Div. 99.)

While these cases hold that those engaged in such work are not bound to exercise the same degree of care that would be required of an ordinary pedestrian, still they also hold that such persons must use reasonable care to avoid being run over. Reasonable care depends on the surrounding circumstances and what would be reasonable in one situation would not be reasonable in another. A laborer working in the street for the public must at times have his back toward approaching vehicles or he cannot work at all, but he cannot go on blindly without taking any precaution, or making any effort to avoid the known danger to which he is exposed. If he uses some care, the case is for the jury, but if he uses no care it is for the court, except under peculiar circumstances, which do not exist in this case. Assuming, without deciding, that the plaintiff

had the same rights as a street sweeper, for instance, still he could not keep his eyes upon his work all the time, and not look, listen or observe any caution of any kind for his own safety, without so contributing to the injury he sustained as to defeat a recovery.

As no other question requires discussion, the order of the Appellate Division should be reversed and the judgment entered upon the nonsuit affirmed, with costs in both courts.

CULLEN, Ch. J., GRAY, O'BRIEN, WERNER and WILLARD BARTLETT. JJ., concur; CHASE, J., dissents.

Ordered accordingly.