(87 Misc. Rep. 177)

### CLOONAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term, First Department.   October 27, 1914.)

STREET RAILROADS (§ 117*)—PERSONS WORKING IN STREET—INJURIES—CON-
TRIBUTORY NEGLIGENCE.

Where plaintiff, a laborer wheeling sand in a street, looked as he be-
gan filling his barrow and saw no car approaching, and when he had
gotten the barrow half full ·looked again and saw a car about a block
away, and while he continued the work the car approached without warn-
ing and struck him, whether he was guilty of contributory negligence was
for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–
257;  Dec. Dig. § 117.*]

Appeal from City Court of New York, Special Term.

Action by Thomas Cloonan against the Brooklyn Heights Railroad
Company. From an order setting aside a verdict for plaintiff and or-
dering a new trial, he appeals. Reversed, and verdict reinstated.

Argued October term, 1914, before SEABURY, BIJUR, and CO-
HALAN, JJ.

M. P. O'Connor, of Long Island City (George F. Hickey, of New
York City, of counsel), for appellant.

George D. Yeomans, of Brooklyn (D. A. Marsh, of Brooklyn, of
counsel), for respondent.

PER CURIAM.   This action was brought to recover for damages
for personal injuries sustained by the plaintiff, alleged to have been
caused by the negligence of the defendant.   The plaintiff recovered a
verdict for $250 based upon the following facts shown by him, which
the jury evidently believed to be true:

The plaintiff was engaged, with several others, in the work of paving
Manhattan avenue in Brooklyn.   He was shoveling sand into a wheel-
barrow a few inches from the tracks over which defendant ran its
cars.   Plaintiff's testimony is to the effect that the sand was piled on
one side of the street from the curb to the car track, and it was his
duty to wheel this sand to the other men engaged in paving the street.
When the plaintiff took the wheelbarrow over to the sand pile, he
looked to see if a car was coming and saw none;  when he had gotten
the barrow half full, he looked again and saw a car about a block
away.   While he was continuing to fill the barrow the car came along
and knocked him down.   He testified that he stood with his side to
the car, and his back to the track, in a stooping position, when the
car came along, without warning, and hit him.

The trial justice charged the jury that:

"As a matter of law he was entitled to perform his work in the roadway
by reason of the necessity of the performance of his duty as assistant to the
paver in the removal of this sand or the carrying of this sand to the paver.
·But the fact that this plaintiff worked in the roadway in the vicinity of
cars which were passing him at various times during the day * * * did
not relieve him from the exercise of reasonable care, nor did it relieve the
motorman from the exercise of reasonable care in the operation of the car
along that highway. * * * Now, gentlemen, a man has no right to as-

sume a dangerous situation, when there is a reasonably safe one open to him for the performance of the work. I charge you, gentlemen, as a matter of law, that if you find from the evidence in this case that this plaintiff could have performed his duty with safety and care by going and performing this duty of loading that wheelbarrow, or attending to the sand, at the ends of this pile, rather than standing right alongside of this wheelbarrow next to the track, that it is a circumstance which you have a right to consider as bearing upon the question of his contributory negligence, or the absence of reasonable care."

The foregoing excerpt, as well as a reading of the entire charge, shows that the question of contributory negligence was fully and fairly submitted to the jury, and the charge was unquestionably as fair to the defendant as to the plaintiff, and was not excepted to by either party. The court below, however, set aside the verdict upon the ground that the plaintiff "did not establish his freedom from contributory negligence," and cited the case of Volosko v. Interurban, 190 N. Y. 206, 82 N. E. 1090, 15 L. R. A. (N. S.) 1117, as being decisive of the case at bar. In the Volosko Case the testimony shows that the work of the plaintiff required him to stoop with his back to the track. "There was no evidence tending to show that he could not have glanced both to the right and left to see whether a car was approaching," and there was evidence showing that he made no effort whatever to look either way. In that case the court also said:

"A laborer working in the street for the public must at times have his back towards approaching vehicles or he could not work at all; but he cannot go on blindly without taking any precaution, or make any effort to avoid the known danger to which he is exposed. If he uses some care, the case is for the jury; but if he uses no care it is for the court, except under peculiar circumstances, which do not exist" herein.

In that case it appeared, also, that Volosko was a traveler upon the highway, who had stopped temporarily to unload some marble blocks from a wagon, standing north of and parallel to the railroad tracks. In the case at bar the plaintiff, as charged by the court, had a right to use the track, and had also, but a moment before he was struck, seen an approaching car a block away. Whether or not under such circumstances the plaintiff was negligent in continuing his work and relying upon a warning from the approaching car, whose motorman presumably could see plaintiff, was a question properly submitted to the jury. The verdict should not have been set aside.

Order reversed, with costs, and verdict reinstated. '

