[Civ. No. 3632. First Appellate District, Division One.—June 27, 1921.]

## DOROTHY F. SPRING, Respondent, v. R. E. McCABE, Appellant.

[1] NEGLIGENCE—AUTOMOBILE ACCIDENT—ACTION FOR DAMAGES—IMPEACHMENT OF PLAINTIFF.—Whether or not the testimony of the plaintiff in an action for damages for personal injuries received as the result of the skidding and overturning of an automobile in which she was riding, who testified as to the rate of speed at which the defendant was operating his car at the time of the accident, was impeached by the testimony of other witnesses who testified that in conversation with them after the accident she stated that she was asleep at the time and did not know how fast the defendant was driving, was a matter for the determination of the trial court, and by its judgment in her favor it determined that she was not.

[2] ID.—DRIVING OF AUTOMOBILE—DEGREE OF CARE REQUIRED—LIABILITY TO INVITEE.—In driving his automobile, in which the plaintiff was riding by invitation, the defendant was required to use a reasonable and ordinary degree of care not to increase the danger to plaintiff by fast and reckless driving; and if the accident was directly or proximately caused by his negligence, the plaintiff was

---

2. Liability of owner or operator of automobile for injury to guest, notes, Ann. Cas. 1915D, 345; Ann. Cas. 1918B, 1098; Ann. Cas. 1918E, 1127; 50 L. R. A. (N. S.) 1100; L. R. A. 1916E, 1190; L. R. A. 1918C, 276.

entitled to recover, it not being contended that she was guilty of any contributory negligence.

[3] ID.—OPERATION IN EXCESS OF STATUTORY SPEED.—If the defendant was operating his machine at a rate of speed in excess of that authorized by the Motor Vehicle Act, he was guilty of negligence in so doing.

[4] ID. — SPEED OF DEFENDANT — CONFLICTING EVIDENCE — APPEAL — ASSUMPTION.—Where the evidence as to the rate of speed at which the defendant was traveling at the time of the accident was conflicting, the testimony of the plaintiff being that defendant was traveling at the rate of forty-five miles an hour, the appellate court must assume, in favor of the judgment for the plaintiff, that at the time of the accident the statute was being violated.

[5] ID.—FAILURE TO EXERCISE DUE CARE—STATUTORY SPEED IMMATERIAL.—The operator of a vehicle may not escape liability for an accident by simply saying that he was not exceeding the speed limit established by statute or ordinance when it happened. It may appear (the other party being without fault) that though he was not exceeding the prescribed speed limit, he was operating his vehicle without such control as to speed under the particular circumstances as a careful and prudent man in the exercise of due care and caution would have had, in which case he would be liable.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Everts & Ewing and Everts, Ewing & Wild for Appellant.

J. P. Bernhard for Respondent.

WASTE, P. J.—This action was brought by plaintiff to recover damages for injuries, alleged to have been occasioned by reason of the careless and negligent operation of an automobile driven by the defendant, in which plaintiff was riding by invitation, and as a result of which she was severely injured. Defendant denied that he was driving at a reckless rate of speed, or operating his car in a careless manner. The case was tried before the court without a jury. Judgment was entered in favor of plaintiff for one thousand dollars, from which defendant appeals.

The accident occurred on the morning of December 25th, on the state highway between Madera and Merced. The automobile, driven by the defendant, skidded off the road-

way and turned over, crushing the plaintiff under the steering wheel, breaking her collar-bone and inflicting other injuries. The record presents an irreconcilable conflict as to the manner and the rate of speed at which the defendant was operating his car. The plaintiff's testimony was amply sufficient, if believed, to warrant the trial court in finding that the defendant was guilty of negligence in operating his automobile at a rate of speed far in excess of the statutory limitation and without the control as to speed, under the particular circumstances, required of a careful and prudent man. The plaintiff testified that the defendant was drinking whisky; that he drove his automobile at the rate of forty-five miles an hour, once running off the highway; that she was nervous and alarmed, and asked him not to drive so fast; that while it was going at forty-five miles an hour the machine turned over. The defendant testified that he was not driving in excess of twenty-five miles an hour at any time, and denied that the plaintiff at any time during the morning requested him to drive more slowly. He declared that it was a foggy morning; that the highway was slippery at the point of the accident, and that his automobile skidded without any apparent excuse.

Joseph Foster, a witness for the plaintiff, who arrived at the scene of the accident almost immediately and while plaintiff was still under the overturned car, testified that the roadway was moist but not wet, and that the highway at the point where the accident occurred was in good condition. Several witnesses who were familiar with the road at that point testified that it was a dangerous bit of highway, and that a car going at a speed of twenty or twenty-five miles was as liable to skid as one going at a greater rate of speed. They were also permitted to testify to other accidents of similar nature occurring under similar weather conditions as those described by the defendant as existing at the time of this accident. The defendant, who was an experienced automobile driver, had been over this particular strip of highway many times before, denied that he had any knowledge that it was a slippery or dangerous place.

[1] Appellant sought to impeach the plaintiff's testimony, as to the rate of speed at which the defendant was operating his car at the time of the accident, by the testimony of several other witnesses who testified that in con-

versations with them after the accident, she stated that she was asleep at the time and did not know how fast the defendant was driving. It is also the contention of the appellant that there is evidence tending to show that the action to recover damages was instituted by plaintiff as the result of a family feud, and an intense dislike of the defendant. Whether or not she was impeached by the testimony referred to was a matter for the determination of the trial court. By its judgment it has determined that she was not.

[2] In driving his automobile the defendant was required to use a reasonable and ordinary degree of care not to increase the danger to plaintiff by fast and reckless driving. (Babbitt on Automobiles, 2d ed., sec. 1219; Huddy on Automobiles, 1919 ed., sec. 678.) If the accident was directly or proximately caused by his negligence, the plaintiff was entitled to recover, for it was not contended that she was guilty of any contributory negligence. (*Nichols* v. *Pacific Elec. Ry. Co.,* 178 Cal. 630, 633, [174 Pac. 319].) [3] By the express provision of the Motor Vehicle Act the defendant was limited to a speed of thirty-five miles per hour in the operation of his automobile. If he operated his machine in violation of such express provision of the law, he was guilty of negligence in so doing. (*Mathes* v. *Aggeler & Musser Seed Co.,* 179 Cal. 697, 701, 702, [178 Pac. 713].) [4] In view of the conflict in the evidence in this behalf, we must assume in favor of the judgment that the court found that at the time of the accident the statute was being violated. [5] Again, ''The operator of a vehicle may not escape liability for a collision by simply saying that he was not exceeding the speed limit established by statute or ordinance when it happened. It may appear (the other party being without fault) that though a defendant was not exceeding the limit of speed prescribed by the ordinance, yet that he was operating his vehicle without such control as to speed under the particular circumstances as a careful and prudent man in the exercise of due care and caution would have had.'' (*Opitz* v. *Schenck,* 178 Cal. 636, 639, 640, [174 Pac. 40, 41].) In either event plaintiff would be entitled to recover.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 25, 1921.

All the Justices concurred, except Angellotti, C. J., who was absent.