[Civ. No. 5120. First Appellate District, Division One.—June 22, 1925.]

## STATE COMPENSATION INSURANCE FUND et al., Respondents, v. J. W. SCAMELL et al., Appellants.

[1] NEGLIGENCE—USE OF STREET TRAVELED BY AUTOMOBILE—DUTY TO KEEP SHARP LOOKOUT—ABSENCE OF WARNING.—One using a street traveled by automobile, in the absence of warning, is not required to constantly keep a sharp lookout from behind to see whether a machine is approaching; and his failure so to do does not constitute negligence as a matter of law.

[2] ID. — DUTY OF LABORERS AND AUTOMOBILE DRIVERS — FAILURE TO LOOK FOR APPROACHING VEHICLES.—A laborer whose duties require him to be in the street in the performance of his occupation is not required to be constantly on the lookout for motor vehicles; on the contrary it is the duty of drivers of vehicles to observe the street laborers and to avoid contact with them; and it is not negligence as a matter of law for a workman to keep his mind on his work or to fail to look and listen for approaching vehicles.

[3] ID.—RIGHT TO ASSUME THAT WARNING WILL BE GIVEN.—A laborer whose duties require him to be in the street in the performance of his occupation may properly assume that the automobilist will not be guilty of negligence in running him down without warning; and especially is this true where he remains within a space established for the parking of cars.

[4] ID.—DUTY OF LABORER TO USE ORDINARY CARE—STANDARD OF CARE PRESCRIBED.—While one engaged in work upon the streets may assume that a driver will give a signal or warning so that an accident may be avoided, he is bound to use ordinary care for his own safety, but his rights cannot be determined by the same rules applicable to pedestrians generally. His care or want of care is a fact to be determined from a different standpoint.

[5] ID.—FAILURE TO LOOK FOR APPROACH OF AUTOMOBILE—ABSENCE OF WARNING—CONTRIBUTORY NEGLIGENCE.—The mere fact that plaintiff did not look behind him for the approach of automobiles

1. See 3 Cal. Jur. 884.

2. Reciprocal duty of operator of automobile and pedestrian to use care, notes, 1 L. R. A. (N. S.) 215; 4 L. R. A. (N. S.) 1130; 20 L. R. A. (N. S.) 232; 24 L. R. A. (N. S.) 557; 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 990; 2 R. C. L. 1186.

at the moment he was struck by defendants' machine, but was engaged in his employment as street-sweeper, did not constitute contributory negligence as a matter of law, and the question as to whether he exercised the care enjoined upon him was a question of fact to be determined from all the facts and circumstances surrounding the accident; and the finding of the trial court was conclusive on appeal.

[6] ID.—PARENT AND CHILD—IMPUTED NEGLIGENCE—MOTOR VEHICLE ACT—CONSTITUTIONAL LAW.—That portion of the Motor Vehicle Act creating liability upon a parent who signs the application of his minor son for an operator's license is covered by the title of the act, and is not unconstitutional.

---

(1) 28 Cyc., p. 914, n. 22.  (2) 28 Cyc., p. 914, n. 22.  (3) 28 Cyc., p. 914, n. 22.  (4) 28 Cyc., p. 914, n. 22.  (5) 4 C. J., p. 877, n. 80; 28 Cyc., p. 913, n. 20.  (6) 36 Cyc., p. 1044, n. 1.

APPEAL from a judgment of the Superior Court of Sonoma County. Ross Campbell, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. F. Cowan, Leo A. Sullivan and A. W. Hollingsworth for Appellants.

F. J. Creede, T. W. Slaven, R. M. Barrett and C. W. Anderson for Respondents.

TYLER, P. J.—Action to recover the sum of $10,000 as damages for personal injuries alleged to have been suffered by plaintiff on account of having been run down by an automobile driven by the defendant William Wilson Scamell, a minor son of J. W. Scamell. Plaintiff McNulty was employed as a street-sweeper by the city of Santa Rosa at the time of the accident in question, and the State Compensation Insurance Fund, having paid compensation as the insurance carrier of the city, it is here joined as plaintiff.

Defendant J. W. Scamell was made a party defendant by reason of a statutory liability incurred by signing the application of his minor son, William Wilson Scamell, for an operator's license, under the terms of the Motor Vehicle Act. (Stats. 1919, p. 223.)

The complaint alleged negligence on the part of the defendant William Wilson Scamell as the proximate cause of

the injury. Defendants answering denied generally the allegations of the complaint and in addition set up the affirmative defense of contributory negligence. The cause was first tried before a jury and resulted in a disagreement. Thereafter it again came on for trial before the court sitting without a jury, and by stipulation it was submitted upon the testimony had upon the first trial, together with certain additional testimony. The court entered findings and judgment in favor of plaintiffs, awarding damages in the sum of $2,000, from which judgment defendants have appealed.

They contend that the findings are not supported by the evidence and that the judgment is not supported by the findings, and in connection with the latter claim the constitutionality of section 24 of the Motor Vehicle Act, imposing a liability upon a parent for the tortious act of his minor child, is attacked.

From the evidence it appears that on July 29, 1921, at about the hour of 11:30 P. M., plaintiff McNulty, while performing duties growing out of and incidental to his employment as a street-sweeper, was walking on Fourth Street in the city of Petaluma in an easterly direction shoving a cart used in connection with his work in front of him. Fourth Street runs in an easterly and westerly direction. The portion of the street where the accident occurred is approximately forty-eight feet between the curbs. An electric car line follows the center of the street and is of standard gauge, the rails being four and seven-tenths feet apart. The distance, therefore, from the curb line to the nearest rail on each side of the track is about twenty-two feet. The street is lighted by street lamps suspended in pairs from the trolley poles on either side of the street. In the block where the accident occurred were four poles on each side of the thoroughfare, from each of which was suspended what was described by a witness to be two 100 candle-power electric lights. On the evening in question they were lit and illuminated the street to such an extent that objects were visible for a considerable distance.

At the time and place mentioned defendant William Wilson Scamell was operating and driving an automobile, the property of defendant J. W. Scamell, along the line of Fourth Street in an easterly direction and on the southerly side of the street. Accompanying him was one Stewart, a

boy friend. Just prior to the accident they had picked up two strange girls, one of whom occupied the front seat with young Scamell, the other the rear one with Stewart. The party then proceeded up Fourth Street at a speed variously estimated at from fifteen to twenty miles an hour. On approaching the intersection of Davis with Fourth Street, Scamell, according to his testimony, blew his horn, although he saw no one in the path of the machine. Another car was approaching on the northerly side of Fourth Street some thirty or forty feet distant, which Scamell testified he did not see. At this time McNulty was performing his duties in company with one Seegelken. They had commenced work at the westerly end of Fourth Street and Seegelken was sweeping north of the car tracks while McNulty was sweeping south. As McNulty worked he kept his street-sweeper's cart about six and one-half feet from the gutter, following a painted line which ran parallel to the curb, marking a space within which automobiles might park. At this moment he was struck from the rear by defendant's automobile and rendered unconscious. Just before the impact he had pushed his cart right into the gutter. The injuries which plaintiff suffered consisted of the crushing of his left hand, the tearing of the flesh of his left arm, the throwing of his left knee out of joint and the cutting of the left ear, which was partially torn from his head. He also suffered severe abrasions of the scalp, the bruising of both legs and injuries to his neck, spine, shoulder and arms. Some of the injuries are permanent in their nature. Prior to being run down McNulty had heard no sound from a horn, nor had he seen anything that might indicate to him that a car was approaching. After striking plaintiff, Scamell, so he testified, thought he had run over a tin can. He "stepped on the gas" and drove down Washington Street one block and the two girls left the car. He was followed by a witness to the accident and when attempting to turn his automobile around on the street last mentioned was arrested and placed in custody. At the jail the statements of Scamell and his companion were taken by the district attorney and defendant Scamell admitted that he knew he had hit something, but got all excited and "stepped on the gas."

The driver of the car who had been approaching defendant's machine just prior to the accident, observed McNulty at work on the south side of the car track at a distance of some two hundred feet away. As he proceeded onward his attention was attracted to the collision by the sound of a crash, whereupon he looked around and saw the Scamell car twenty-five or thirty feet away, and he also saw McNulty's body being hurled through the air toward the curb, and the cart used by him in connection with his work being thrown toward the car tracks.

Another witness testified that he had heard the crash while he was some four hundred feet away and around a corner.

The trial court found that the collision and the resulting injuries to plaintiff was caused solely and entirely by reason of the carelessness, want of care and lack of due caution on the part of defendant William Wilson Scamell. It further found that the accident was not caused through any negligence or fault on the part of the plaintiff McNulty.

In support of their contention that these findings are not supported by the evidence, the appellants claim the evidence shows as a matter of law that the contributory negligence of the plaintiff was the proximate cause of the injury.

Respondents, on the other hand, claim that the evidence shows that defendant did not sound his horn or in any manner indicate his presence as he approached McNulty; that he was driving far over on the right-hand side of the street, and that the obvious reason why he did not see plaintiff in the glare of his headlights and by the lights of the street immediately overhead, was that he was not looking in the direction in which he was traveling and that there was a clear space to his left between himself and the center line of the street, within which the Scamell car could have passed in safety.

At the trial plaintiff testified that at times during the course of his employment he looked for the approach of automobiles, but that he could not do so on all occasions and properly perform his duties, and that he had not done so at the time he received his injuries. Appellant claims that this omission on plaintiff's part constituted contributory negligence as a matter of law which prevents a recovery. Plaintiff testified, however, that he had heard no

horn sounded or other warning given of the approach of the car, and at the time he was struck he was bending over, putting a pile of dirt in a sack. It also appeared that plaintiff was working near the curb of the street and adjacent to the space reserved to the parking of cars, and that there was ample room for defendant's car to pass without colliding with plaintiff had he been exercising the care required of him.    [1]    One using a street traveled by automobiles, in the absence of warning, is not required to constantly keep a sharp lookout from behind to see whether a machine is approaching (*Sheldon* v. *James,* 175 Cal. 474 [2 A. L. R. 1493, 166 Pac. 8]; *Devecchio* v. *Ricketts,* 66 Cal. App. 334 [226 Pac. 11]; *Deputy* v. *Kimmell,* 73 W. Va. 595 [Ann. Cas. 1916E, 696, 51 L. R. A. (N. S.) 976, 80 S. E. 919]); and his failure so to do does not constitute negligence as a matter of law.    (3 Cal. Jur. 884; *Raymond* v. *Hill,* 168 Cal. 473 [143 Pac. 743]; Berry on Automobiles, 3d ed., sec. 297.)

[2]    Much less so is a laborer whose duties require him to be in the street in the performance of his occupation. Pedestrians are not continuously in the street and their attention is devoted to a safe passage, while the attention of a street laborer must be, to a considerable extent devoted to his task.    There can be and there is no duty imposed on a workman to be constantly on the lookout for motor vehicles; on the contrary, it is the duty of drivers of vehicles to observe the street laborers and to avoid contact with them.    It is not negligence as a matter of law for a workman to keep his mind on his work or to fail to look and listen for approaching vehicles.    [3]    He may properly assume that the automobilist will not be guilty of negligence in running him down without warning (*King* v. *Green,* 7 Cal. App. 473 [94 Pac. 777]); and especially is this true where he remains within a space established for the parking of cars.    (*Medlin* v. *Spazier,* 23 Cal. App. 242 [137 Pac. 1078].)

[4]    One so employed may also assume that a driver will give a signal or warning so that an accident may be avoided. (*Regan* v. *Los Angeles Ice Storage Co.,* 46 Cal. App. 513 [189 Pac. 474].)

A man who is engaged in work upon the streets cannot, if he performs his duty, spend a large part, if not all, of

his time looking for the approach of vehicles. In most streets if he did so, he would accomplish little or nothing.

We do not wish to be understood as holding that one so engaged is not bound to use ordinary care, but his rights cannot be determined by the same rules applicable to pedestrians generally. His care or want of care is a fact to be determined from a different standpoint. (*Clark* v. *Bennett*, 123 Cal. 275 [55 Pac. 908]; *King* v. *Green*, 7 Cal. App. 473 [94 Pac. 777].)

The question of negligence under such circumstances is one for the jury or trial court. (Berry on Automobiles, 3d ed., 465; *Blackwell* v. *Renwick*, 21 Cal. App. 131 [131 Pac. 94].) In *King* v. *Green*, just cited, it appeared that the plaintiff was engaged in oiling street-car tracks; that he was facing in the direction from which a car or vehicle obeying the law of the road would approach; that he was walking backward while at work; that he heard no warning; that defendant's automobile approached from behind and injured him, and it was held that the jury was justified in finding for the plaintiff.

So, also, in *Cecola* v. *Cigar Co.*, 253 Pa. 639 [98 Atl. 775], the evidence showed that plaintiff was struck by defendant's automobile while he was engaged in picking up a paving brick. There was also evidence to show that the driver of the automobile had given no warning of his approach, and it was there held that the question of plaintiff's negligence was one for the jury, and a judgment in plaintiff's favor was affirmed.

Again, in *Latham* v. *Harvey*, 203 Mo. App. 363 [218 S. W. 401], it appeared in evidence that plaintiff, a street-sweeper, was on the street performing his duties with his back turned to the west and in full view of the driver of an approaching automobile coming from that direction, but defendant, nevertheless, ran the laborer down and injured him and it was held that the case was a proper one to be submitted to the jury. (See, also, *Burger* v. *Taxicab Motor Co.*, 66 Wash. 676 [120 Pac. 519]; *Cloonan* v. *Brooklyn Heights Ry. Co.*, 87 Misc. Rep. 177 [149 N. Y. Supp. 181]; Berry on Automobiles, 3d ed., 468.)

[5] The mere fact, therefore, that plaintiff did not look behind him for the approach of automobiles at the moment he was struck, but was engaged in his employment, does not

constitute negligence as a matter of law, but the question as to whether he has exercised the care enjoined upon him is a question of fact to be determined from all the facts and circumstances surrounding the accident.

As above indicated, it here appears that plaintiff at the time of the injury complained of, was where he had a legal right to be; he was attending to his work and was under no legal compulsion to keep constantly looking behind to ascertain if he was likely to be run down. No warning or signal was given, or at least he heard none, nor did certain other witnesses, of the approach of the car. The testimony also shows that he was working near the curb adjacent to the space reserved for the parking of cars and there was more than ample room for the driver to have passed him without danger of collision. These were facts for the trial court to consider in determining the question of negligence, and its finding cannot here be disturbed.

[6] Appellants' attack upon the constitutionality of that portion of the Motor Vehicle Act creating liability upon a parent for the reason that it is not covered by the title of the act, is disposed of contrary to appellants' contention in *Buelke* v. *Levenstadt*, 190 Cal. 684 [214 Pac. 42].

For the reasons given the judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1925.

All the Justices present concurred except Seawell, J., who did not participate.