TONY SYLVIA, Respondent, *v.* JOSEPH EYTH and Another, Appellants.*

County Court, Westchester County, May 19, 1932.

William A. Earle [Mathew Vener of counsel], for the appellants.

Samuel F. Swinburne, for the respondent.

COYLE, J. The accident occurred November 16, 1931. The plaintiff, a hodcarrier, was employed in the construction of the New Rochelle High School. He finished work at five-thirty P. M., changed his clothes and started for his home. It was then about

* Affd., 236 App. Div. 739.

six o'clock. From the school he walked westerly along Parcot avenue toward Webster avenue. Both roadways are in the city of New Rochelle. Webster avenue runs north and south through the city of New Rochelle. Parcot avenue runs at right angles to Webster avenue but does not completely intersect it. When he reached the corner he looked north and south and saw that no cars were coming and crossed to the westerly side of Webster avenue. At the westerly side he turned and walked southerly along Webster avenue on the right-hand side of the avenue (so that any traffic going southerly along the avenue would approach from the rear). There was no sidewalk on the easterly side of the avenue. On the westerly side there was no concrete or flag-stone sidewalk, but there was a path of small blue stones about three feet wide for pedestrians which had been constructed by the city of New Rochelle. Along the westerly side of the road there is a cobblestone gutter. It was dark, misty and foggy. The plaintiff walked along the westerly side of the avenue about two or three feet from the edge thereof for about two hundred feet, when, as he testified, " I heard a little noise when he was about fifteen feet from me, I turned around to look and that time the automobile hit me." From the time he left the corner of Parcot avenue he did not turn or look back until he was hit. He was wearing a brown coat. Defendant Joseph Eyth was driving southerly along the avenue in the same direction as the plaintiff, about eighteen or twenty miles an hour. He did not see the plain-tiff until he was within eight or ten feet of him, when he put on the brakes and swerved to the left. He was unable to avoid him and struck him with the right side of the bumper. When the said defendant got out of the car he found the plaintiff lying in the road parallel with and under the bumper. The wheels of the car did not go over him. There were lights on the east side of the avenue; none at the west side. Defendant was driving with " City Lights " on and he testified that under ordinary conditions he could see twenty to twenty-five feet in front of the car and about six or seven feet to the side and when asked by plaintiff's counsel why he couldn't see as well with bright lights on as with the " City Lights " he said: " Well, when it is misty and sort of foggy that section is low and there is sort of smoke and you put the bright lights on and it clouds everything up."

The verdict of the jury that plaintiff was free from contributory negligence was contrary to the evidence. He walked along the roadway, where he was not expected to be, for a distance of 200 feet without looking back. It was dark, misty and foggy. If he had looked back he would have been able to see defendant's car

and probably before defendant could see him. Of course the plaintiff was lawfully on the roadway. But it was as much his duty to avoid being hit as it was the defendant's duty to look out for pedestrians. " Every person is bound to use reasonable care to avoid known dangers and if he fails in this duty to himself, the loss ensuing does not fall on another whose negligence helped to bring about the result, for the law does not apportion negligence nor assign to each party responsibility for his own contribution." (*Volosko* v. *Interurban St. Ry. Co.*, 190 N. Y. 206.) He was in a dangerous place and it was his duty to act accordingly. He knew he was on a thoroughfare in a city. For him to walk along 200 feet without looking back, under the conditions as they existed, when he knew, or should have known, that some traffic would come along, was almost inviting disaster. He exercised no more care against the possibility of being struck by a car on the roadway than if he had been walking on the sidewalk. The case of *Van Brunt* v. *N. Y. Telephone Co.* (209 App. Div. 4) is distinguishable from the one at bar. In that case there were no sidewalks on either side of the highway and the defendant was walking on the strip of road off the pavement where pedestrians were accustomed to walk, and the only place where they could walk

It is unnecessary to go into the question of the defendant's negligence.

The judgment should be reversed and the complaint dismissed.