[Civ. No. 4687.   Third Appellate District.—October 4, 1932.]

ERNEST L. ZUMWALT, Respondent, v. E. H. TRYON, INC. (a Corporation), Appellant.

Fred C. Pugh, Hadsell, Sweet & Ingalls and Cleveland R. Wright, for Appellant.

J. Oscar Goldstein for Respondent.

JAMISON, J., *pro tem.*—This was an action for damages for injuries sustained by plaintiff, when struck by an automobile operated by defendant's employee, McNamee. The said McNamee, having died prior to the trial, the case proceeded against defendant E. H. Tryon, Inc., alone. The case was tried by a jury, which returned a verdict for plaintiff for $12,500; thereupon said defendant moved for a new trial, the same being denied, judgment was rendered for plaintiff and against said defendant for said sum. From this judgment said defendant appeals.

This accident occurred on the 21st of April, 1930, on the afternoon of a clear day, at a point on the Pacific highway, and according to the testimony of respondent's witnesses about 150 feet south of a county road which enters said

highway from the west known as the Bowman road. It appears that respondent and a boy named Davis were in charge of a band of sheep as herders, and had driven them through a gate and into a field some 50 feet south of where the said Bowman road enters said highway; that in doing this, one of the lambs escaped from the band and remained on said highway.

These two herders, aided by their dog, were endeavoring to chase the lamb from said highway into the field at the time of the accident. While respondent was so engaged, McNamee, in company with another employee of appellant, was traveling south on said highway in an automobile operated by McNamee.

According to evidence of respondent and several witnesses of the accident, when the said automobile approached the said intersection it was traveling at a speed of from 45 to 50 miles per hour and was on the left-hand or easterly side of said highway and continued on that side until it struck respondent. Davis, who was near the said intersection, waved at the occupants to stop, but they paid no attention to him and continued on down the highway at the same speed.

Respondent, following the said lamb, looked back and saw Davis wave at the said occupants and he took off his hat and waved at them to stop. As this time respondent was on the left-hand side of said highway and about 4 or 5 feet from its easterly edge, the paved part of said highway being 20 feet wide. After waving at the occupants to stop, respondent continued on down the highway after the lamb, and while passing down said highway on the left side thereof and 4 or 5 feet from its easterly edge, he was struck in the back by the said automobile and knocked to the pavement and rendered unconscious.

There is ample testimony to substantiate these facts.

At the time of the accident W. J. Walton was in charge of some 3,000 sheep. They were being held on the said county road, at the point where it entered said highway. He was holding said sheep back from entering said highway until respondent turned said lamb into the field. He was seated on a mule and had a clear and unobstructed view of the accident. W. P. Hayland just previous to the accident had driven his automobile up to the point where said county

road entered the highway, and stopped there waiting for Walton to drive his sheep from said county road. He also saw the accident. Both of these witnesses and Davis testified to the facts hereinbefore set forth. Appellant produced one witness, George, the companion of McNamee in the automobile, whose testimony conflicted with that of respondent and his witnesses.

■ Appellant contends that the court erred in refusing to give certain instructions requested by it.

Instruction No. IX refused by the court is as follows:

"You are hereby instructed that section 150½ of the California Vehicle Act provides as follows:

" 'It shall be unlawful for any pedestrian to walk along and upon any highway outside of a business or residence district otherwise than close to his left hand edge of the highway.'

"I further instruct you that if you should find that the plaintiff immediately prior to and at the time of the accident, was walking in a southerly direction upon the paved portion of the highway, it became and was his duty to comply with the provisions of the section of the California Vehicle Act, which I have just read, and to walk close to his left hand edge of said highway, provided you should also find that the place of the accident was outside of a business or residence district."

The court gave the first part of this instruction, that is to say, the portion containing the provisions of said section 150½, but refused the remainder.

We are not inclined to take the view that respondent was a pedestrian on said highway, at the time of the accident, within the meaning of said section 150½.

■ Respondent was not a traveler upon the highway, but was there as a herder in the performance of his duties as such. Laborers, whose duties require that they work in the streets, are not considered in the same light as pedestrians. (*Ceola* v. *44 Cigar Co.*, 253 Pa. 623 [98 Atl. 775].) In the case of such persons the degree of care is different from that of a traveler, whose whole attention is directed to protecting his own safety. (5–6 Huddy, Automobile Law, 180; *Peters* v. *Schroeder*, 290 Pa. 217 [138 Atl. 755]; *State Compensation Ins. Fund* v. *Scamell*, 73 Cal. App. 285 [238 Pac. 780, 782].)

In the case of *King* v. *Green,* 7 Cal. App. 473 [94 Pac. 777, 778], the court said:

"Had a pedestrian with no occupation requiring his presence in that part of the street devoted to the use of vehicles been struck by a passing vehicle while he was backing along the roadway without looking to see where he was going, it is clear that he would have been guilty of contributory negligence . . . but the rights of a laborer whose duties require him to be in the roadway cannot be determined by the same rule."

In the case now before us, the duties of respondent, as said herder, required him to be in the roadway and his status, under these conditions, cannot be determined by the rule which governs the pedestrian.

In *State Compensation Ins. Fund* v. *Scamell, supra,* the court used the following language:

"It here appears that plaintiff at the time of the injury complained of, was where he had a legal right to be; he was attending to his work and was under no legal compulsion to keep constantly looking behind to ascertain if he was likely to be run down. No warning or signal was given, or at least he heard none, nor did certain other witnesses, of the approach of the car. The testimony also shows that he was working near the curb adjacent to the space reserved for the parking of cars and there was more than ample room for the driver to have passed him without danger of collision. These were facts for the trial court to consider in determining the question of negligence, and its finding here cannot be disturbed."

In the instant case no warning or signal was given, according to the testimony of respondent and his witnesses, and for quite a distance before the car struck respondent it was traveling on the left-hand side of the highway, and continued on the left-hand side until it struck respondent. No other cars were on the highway at the time of the accident, and there was nothing to prevent the driver of said automobile from having a clear view of respondent. There was ample room for the driver to have passed respondent had he traveled on the right-hand side of the highway, as was his duty to do.

We are of the opinion that the court committed no error in refusing appellant's instruction No. XI, herein set forth;

nor in refusing appellant's instruction No. X, which is to the same effect.

■ Nor was error committed in refusing appellant's instruction No. VII, relating to comparative negligence.

The court fully and fairly instructed the jury upon the question of contributory negligence. This refused instruction was sufficiently covered by those given by the court.

■ Appellant claims that the damages awarded by the jury are excessive. We are of the opinion that this claim is also without merit. Respondent was struck in the back, knocked down and rendered unconscious. Immediately after receiving the injury he was taken to the Sisters Hospital, where X-rays were taken, which disclosed a fracture of one of the bones of the leg below the knee. He was also found to be suffering from ruptures of the ligaments and muscles of the ankle and instep, and from injuries to his back. His leg from above the knee to a point below the instep was encased in a plaster cast. He remained at the hospital about four days and being without means to defray his expenses there, was removed to his home, where his wife acted as his nurse.

He was bedfast from said injuries for 47 days and at the end of that period, when able to be out of bed, had to use a crutch to get about and continued to use the crutch until October 1, 1930.

During all of that time he suffered great pain from said injuries. Spinal arthritis developed from the injury to the back, causing extreme pain and loss of sleep. Injuries to his ankle and instep have rendered him unable to run or walk over rough ground and these injuries are permanent. The injuries to his back will necessitate a specially fitted aluminum belt. There was testimony of physicians that this disease of spinal arthritis is of a permanent nature, and while the pain caused by it may be lessened, it is incurable.

Respondent was 48 years of age at the time of the accident, was earning $90 per month and was then in good health, and according to the mortality tables his expectancy of life was 23 years.

There was also substantial evidence that by reason of said injuries he will be unable to continue his occupation of herding sheep or engaging in any other kind of hard labor during the remainder of his life.

■ The law is so well settled that the award of damages made by the jury and sustained by the trial court will not be disturbed unless it is so grossly disproportionate to any compensation reasonably warranted by the facts as to shock the sense of justice and create the presumption that the verdict was the result of passion, prejudice or corruption rather than an honest and sober judgment, that citations of authorities are unnecessary.

■ Lastly, appellant contends that the trial court erred in denying its motion for a new trial. This motion was submitted on affidavits produced by appellant and counter-affidavits submitted by respondent.

We do not find that the trial court abused its discretion in denying said motion.

It is admitted that McNamee was an employee of appellant and the evidence that he was engaged in the performance of his duties as such employee at the time of the accident is uncontradicted.

The judgment is affirmed.

Plummer, Acting P. J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 3, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 1, 1932.