[Civ. No. 4953. Third Appellate District.—March 3, 1934.]

M. S. MECHAM et al., Respondents, v. E. E. CRUMP et al., Appellants.

J. Francis O'Shea and Ray T. Coughlin for Appellants.

Ralph H. Lewis and Gerald M. Desmond for Respondents.

JAMISON, J., *pro tem.*—This is an action for damages for injuries received by plaintiff resulting from being struck by an automobile operated by defendant Lillian Crump.

Defendants E. M. Crump and Lillian Crump are husband and wife and at the time of the accident Lillian Crump was operating the automobile by and with the consent of her said husband.

This action was tried by a jury which returned a verdict in favor of plaintiff and against both defendants. Defendants moved for a new trial, and same being denied, both defendants appealed from the judgment rendered upon said verdict.

Defendants contend that the evidence did not show negligence upon the part of defendant Lillian Crump and that it did show contributory negligence upon the part of the plaintiff.

The evidence produced by plaintiff was substantially as follows:

Respondent Mecham, at the time he suffered the injuries was the foreman of the Force Construction Company and was engaged in filling in the low places and cutting down the shoulders along the paved portion of the Sacramento and Stockton highway. His duties as such foreman required of him that he sometimes operate the equipment, sometimes set stakes and sometimes perform physical labor.

On August 20, 1932, respondent had been overseeing and inspecting the work on said highway. This work covered a distance of some eleven miles. Shortly before noon respondent arrived at the place where he was injured. He parked his automobile on the east side of the highway about four feet from the paved part thereof. Shortly thereafter H. L. Leventon, the contractor, also drove up and parked his car on the east side of the highway and about ten feet from

the paved portion and about thirty feet south of respondent's car. There was a caterpillar towing a grader on the west side of the highway and an automobile, belonging to one Carlson, who was operating a caterpillar on the east side of the highway, and this automobile was parked off of the paved portion of the highway some twenty feet in front of the caterpillar and grader on the west side. On the east side of the highway in addition to the two automobiles belonging to Leventon and respondent there was another caterpillar towing a grader about thirty feet south of respondent's car and off the paved portion of the highway. When Leventon stopped his car respondent went to him and they had some conversation. While engaged in this conversation respondent observed that the Carlson automobile was in a position that impeded the caterpillar and grader that was operating on the west side, and he went across the highway to remove it. As he neared the Carlson automobile he noticed that the ignition key was missing. He then returned across the highway and motioned to Carlson for the key. Carlson immediately threw the key to respondent, and in striking his hand, it fell upon the paved portion of the highway about two feet from its edge. Respondent, when the key was thrown, was about four feet from the edge of the paved portion of the highway and took two steps to recover the key, and while he was at the edge of the paved portion of the highway and was stooping over to get the key, he was struck by the automobile driven by appellant Lillian Crump, which was coming from the south. At the time respondent was struck, the automobile operated by appellant Lillian Crump was traveling at a speed of 40 or 45 miles per hour. After being struck, respondent was rolled twenty feet and the automobile continued 350 feet before stopping.

Large signs were placed at the north end and the south end of the highway upon which the work was being done. These were large signs and read, "Highway under construction for 11.95 miles, men at work, equipment at work." Then there were smaller signs placed at intervals along said work which contained the words, "Slow—Danger". One of these last-named signs was one mile south and another 11,000 feet south of the place where respondent was injured.

These signs were placed two feet from the paved portion of the highway.

Appellant Lillian Crump testified that she saw none of these signs and had no knowledge that the road was being worked. She further produced evidence that respondent came from behind an automobile and ran in a stooping position against the right front door of her car while her car was about in the middle of the paved portion of the highway. The paved portion of the highway is twenty feet in width.

Appellants contend that they were not guilty of negligence. The jury decided adversely to appellants' contention upon the question of negligence; as there is sufficient evidence upon the part of respondent to justify this decision, it needs no citation of authorities upon the well-recognized proposition that where there is substantial evidence to support the verdict this court is powerless to reverse the case.

There is evidence upon the part of the respondent that signs were placed at each end of the work being carried on upon the highway notifying the traveling public that the highway was being worked, and additional signs at intervals along said highway warning the public to travel slow, and yet in spite of these warning signals there is evidence that appellant Lillian Crump was traveling at a high rate of speed at the time of the accident, namely, at a speed of 40 to 45 miles an hour. She testified that she did not see respondent until she was within five feet of him. According to respondent's evidence no warning signal of her approach was given by said appellant.

Appellants next contend that respondent was guilty of contributory negligence in that he did not look toward the south before leaning over the highway to pick up the fallen key, and in support of this contention cases are cited which hold that a pedestrian crossing a highway is guilty of contributory negligence if he fails to look in the direction of oncoming vehicles before attempting to cross.

In the case now under consideration respondent was not a pedestrian upon the highway, but was there in performance of his duties as foreman. Leventon, the contractor, testified that respondent's duties required of him to sometimes operate the equipment and sometimes to perform

physical labor; in other words, his duties as foreman did not consist merely in standing back and directing others in the work that was being done, but as occasion demanded that he participate in whatever was necessary to be performed. Under these circumstances he is not to be considered in the same light as a pedestrian. (*State etc. Ins. Fund* v. *Scamell*, 73 Cal. App. 285 [238 Pac. 780, 781]; *King* v. *Green*, 7 Cal. App. 473 [94 Pac. 777]; *Zumwalt* v. *E. H. Tryon, Inc.*, 126 Cal. App. 583 [14 Pac. (2d) 912].) The question of negligence under such circumstances is one for the jury.

In the case of *Cecola* v. *44 Cigar Co.*, 253 Pa. St. 639 [98 Atl. 775], plaintiff was struck by defendant's automobile while he was engaged in picking up a paving brick. There was also evidence to show that the driver of the automobile had given no warning of his approach and it was there held that the question of plaintiff's negligence was one for the jury and the judgment in plaintiff's favor was affirmed.

In *Blackwell* v. *Renwick*, 21 Cal. App. 131 [131 Pac. 94, 96], the court thus declared the law as applying to contributory negligence:

"The fact of negligence is generally an inference from many facts and circumstances, all of which it is the province of the jury to find. It can very seldom happen that the question is so clear from doubt that the court can undertake to say, as a matter of law, that the jury could not fairly and honestly find for the plaintiff." (*Fox* v. *Oakland Consol. St. Ry. Co.*, 118 Cal. 55 [50 Pac. 25, 62 Am. St. Rep. 216].)

In the case of *State etc. Ins. Fund* v. *Scamell, supra,* in which a rehearing was denied by the Supreme Court, Justice Tyler said: "One using a street traveled by automobiles, in the absence of warning, is not required to constantly keep a sharp lookout from behind to see whether a machine is approaching; and his failure so to do does not constitute negligence as a matter of law. Much less so is a laborer whose duties require him to be in the street and whose attention is devoted to a safe passage, while the attention of a street laborer must be, to a considerable extent devoted to his task. There can be and there is no duty imposed on a workman to be constantly on the lookout for motor vehicles; on the contrary, it is the duty of drivers of vehicles to

observe the street laborers and to avoid contact with them. It is not negligence as a matter of law for a workman to keep his mind on his work or to fail to look and listen for approaching vehicles. He may properly assume that the automobilist will not be guilty of negligence in running him down without warning."

Respondent had the right to assume that appellant Lillian Crump would not run him down, without warning, while he was engaged in the performance of his duties as foreman, and particularly so as numerous warning signs were placed along the highway from the direction in which said appellant was traveling thereon.

It is true that while section 113 of the California Vehicle Act permits a speed of 45 miles per hour, it limits this by the following language: "Any person driving a vehicle on the public highways in this state shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and no person shall drive any vehicle upon a public highway at such speed as to endanger the life, limb or property of any person."

The fact that appellant Lillian Crump was traveling within the speed allowed by the California Vehicle Act does not exonerate her from negligence. (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125]; *Spring* v. *McCabe*, 53 Cal. App. 330 [200 Pac. 41]; *Davis* v. *Brown*, 92 Cal. App. 20 [267 Pac. 754].)

We are of the opinion that under the evidence in this case the question of the contributory negligence of respondent was a question for the jury.

Appellants contend that the court should have defined, in its instructions, the meaning of the words "along the shoulders of the highway" used by it in two of its instructions.

They had ample opportunity to have secured this information from the witnesses. Nor did they ask any instructions on this point. This contention is without merit.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.