[Civ. No. 9294.   First Appellate District, Division One.—January 18, 1935.]

MAXINE LIBBY HORTON, Appellant, v. CHARLES W. STOLL, Respondent.

Henderson, Henderson & Carey for Appellant.

Donahue, Hynes & Hamlin for Respondent.

TYLER, P. J.—Action for damages for personal injuries. The injuries sustained by plaintiff Maxine Libby Horton, a pedestrian, were alleged to have been caused by the negligence of defendant automobile driver. The case went to trial before the court sitting with a jury. At the close of plaintiff's case, defendant moved for a nonsuit on the grounds: (1) that plaintiff had failed to show defendant was negligent, and (2) that plaintiff was guilty of contributory negligence as a matter of law. The court found in accord with defendant's contention, withdrew the case from the jury, and granted a judgment of nonsuit. Motion for a new trial was made and denied. This is an appeal from the judgment and order. Before the transcript could be prepared the court reporter who reported the trial died without having transcribed his notes in full. The only testimony transcribed was the testimony of three witnesses. In lieu of the full transcript of the testimony the parties entered into a stipulation as to what constitutes the record. The facts are therefore undisputed.

It appears from the record that on the day of the accident plaintiff, who was twenty years of age and a student of Continuation High School in Berkeley, stood with three other young ladies in front of that institution. The school is located on the east side of Grove Street, between Allston Way and Kittredge Street. Grove Street runs north and south. Allston Way runs east and west and is north of the school building. On the afternoon of the day of the accident, at about 5 o'clock P. M., the young ladies came out of the high school and walked across Grove Street to a store on the west side of the street. After purchasing some candy they returned to the east side of this street in front of the school building. They then decided that some of them should return to the store and purchase more candy. Accordingly, plaintiff and a Miss Moen proceeded to cross

Grove Street again from east to west in the direction of the candy store. There was no crosswalk or pedestrian way at the point where plaintiff and her friend were walking across the street. The other two young ladies, a Miss Dale and Miss Rutland, remained on the sidewalk. Only two eye-witnesses to the accident, beside plaintiff, testified at the trial. They were Miss Moen and Miss Dale. Miss Moen testified that as she and plaintiff started across the street, several automobiles were approaching them from the south and that they stopped behind a parked car and awaited an opportunity to go out into the street. They then proceeded to the middle of the street at a moderate pace and passed the center thereof, and when at the first rail of the farther car track located on the street they hesitated. Miss Moen was on plaintiff's right and slightly behind her about an arm's length away. Plaintiff looked or glanced to the north but failed to remember what, if anything, she saw; she was of the impression, however, that she had plenty of time to cross the street. After taking a step or so, and while still on the car track, she was struck by the left front corner of defendant's car and was carried on the bumper for a distance of approximately fifty feet, when she fell off and was run over by the car. She further testified that when she became conscious she was about ninety feet from the place of the impact. Miss Moen testified that she "sort of glanced", and while she testified she saw nothing her further testimony would indicate otherwise, for she testified that she was hesitating for the machine which struck plaintiff to pass in front of her. Miss Dale was not an actual witness to the impact as her back was turned to plaintiff. Her testimony as to where the car stopped was substantially the same as that of Miss Moen. Although Miss Moen saw the car before it struck plaintiff, she did not testify as to the speed at which it was traveling, and in fact there was no direct evidence upon the subject, nor was there any evidence as to when the brakes were applied, which might indicate the speed.

Under these facts it is appellant's contention that the court erred in granting defendant's motion for a nonsuit for the reasons: (1) That there is evidence from which the jury would have been justified in finding defendant negli-

gent, and (2) that the evidence does not support the court's finding that plaintiff was guilty of contributory negligence as a matter of law. ■ It is well established that where the facts are clear and undisputed, and where no other inference than that of negligence or contributory negligence can be drawn from such facts, a court is authorized to withdraw the question from the consideration of the jury. ■ A pedestrian can be so careless that his conduct is negligence as a matter of law. (*Burgesser* v. *Bullock's,* 190 Cal. 673 [214 Pac. 649]; *Finkle* v. *Tait,* 55 Cal. App. 425 [203 Pac. 1031].) ■ We are of the opinion that the facts of this case show affirmatively that plaintiff failed to use due care and that her failure in this respect was the proximate cause of the injury, precluding a recovery. It shows that plaintiff, in her position in the center of the street, where there was no marked crosswalk, failed to use a proper degree of care for her safety. She did not remember that she looked for approaching cars in the directions from which they would come, but only that she gained the impression she had plenty of time to get across the street. Had she looked, she must have seen defendant's car approaching a few feet away, for she had taken only a step or two from her position of safety when she was struck.

■ It is the invariable rule that it becomes the duty of a person who purposes to cross a city street to look carefully in the direction from which he may anticipate the approach of vehicles immediately before venturing into the pathway of traffic. (*Bence* v. *Teddy's Taxi,* 101 Cal. App. 748 [282 Pac. 392, 283 Pac. 86].) It was plaintiff's further duty from the position she was in upon the highway to yield to defendant the right of way. (California Vehicle Act, sec. 131½c.) The only conclusion that can be reached from the evidence is that plaintiff failed to take the trouble to properly look for automobiles on the side of the street as she crossed, or that she saw the automobile and for some unexplained reason stepped directly in its path. Under either theory she failed to use due care, which precludes her right to a recovery. (*Spring* v. *Tawa,* 49 Cal. App. 100 [192 Pac. 1051]; *Finkle* v. *Tait, supra.*) Under the circumstances we fail to see how the trial court could have reached a different conclusion.

■ The contention that the evidence clearly shows facts from which a jury might reasonably have concluded that respondent was negligent is in our opinion without merit. This question, however, does not require a discussion, for even if it be conceded that an inference of negligence might be drawn from the facts, the undisputed evidence showing a lack of caution or care on the part of plaintiff precludes a recovery by her.

The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 18, 1935.