[Civ. No. 13135. Second Dist., Div. Two. Sept. 22, 1941.]

ALVIN HART, a Minor, etc., Appellant, v. RODMAN IRVINE et al., Respondents.

806

Faries & McDowell for Appellant.

Lyndol L. Young for Respondents.

WOOD, J.—Plaintiff commenced this action to recover damages for injuries which he suffered on December 20, 1939, when he was struck by an automobile driven by defendant Mary D. Irvine. When the evidence had been received the trial court instructed the jury to return a verdict for defendants, stating that plaintiff had failed to prove negligence on the part of defendants and also that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff has appealed from the judgment entered upon the verdict returned in accordance with the instruction of the court.

At the time of the accident plaintiff was of the age of eleven years and nine months. With another boy of about the same age, Ellis Hassell, he had been delivering magazines. Both boys were using bicycles. They rode their bicycles along an alley 20 feet in width to a point where the alley intersected Alpine Drive, a street approximately 70 feet in width from property line to property line and 30 feet in width from curb to curb. Mrs. Irvine, who will hereinafter be referred to as defendant, was driving her automobile in a southerly direction on Alpine Drive on her right side of the highway near the center of the street. In the seat by her side was her baby son, aged three and one-half years, and in the rear was her Dobermann Pinscher dog. As plaintiff rode his bicycle across Alpine Drive the left front part of defendant's car struck the rear wheel of the bicycle near the center of the street, hurling plaintiff through the air a distance of about 15 feet.

In reviewing the action of the trial court in directing a verdict for defendants the rule to be observed by the appellate court is well established. We are bound to view the evidence in the light most favorable to plaintiff, to give to plaintiff's evidence all the value to which it is legally entitled, including every legitimate inference that may be drawn therefrom, and we must disregard all evidence in conflict therewith. If, viewed in this manner, there is evidence in the record of sufficient substantiality to support a verdict in plaintiff's favor the action of the trial court in directing a verdict for defendants cannot be sustained. (*Estate of Lances,*

216 Cal. 397 [14 Pac. (2d) 768].) Although the evidence in the case before us is conflicting, we are satisfied that plaintiff produced sufficient evidence to give support to a verdict if the jury should find in his favor.

From plaintiff's evidence it appears that he and his companion reached Alpine Drive at approximately the time the sun set on the day of the accident, 4:47 p. m. Plaintiff testified: "Q. When you came to Alpine, what did you do, if anything? A. We stopped at the alley and put our feet down so we would not fall over when we started out. We looked north and then south. We looked out for the cars to come up, because the cars come up from the boulevard there." He further testified that he did not see any automobile approaching and started to cross Alpine Drive; that Ellis yelled at him and he "tried to speed up." He further stated: "This car came down the street and Ellis yelled at me and I tried to speed up but it hit me on the rear wheel of my bicycle." It appears that there is a bend in Alpine Drive, and Ellis Hassell testified that he saw defendant's car when it was coming around the bend, a distance of at least 260 feet from the alley. Although defendant testified that she stopped her car in about 8 feet, there is evidence that she travelled a distance of about 200 feet before bringing her car to a stop. Defendant returned to the scene of the accident and stated that her dog had been bothering her. Plaintiff's mother testified that in a conversation at the hospital after the accident she asked defendant whose fault it was and that defendant replied: "Don't bother him; it was my fault. I take full responsibility." Defendant testified that her lights were "on" at the time of the accident but other witnesses testified that it was daylight and the headlights of the car were not lit.

In support of his contention that the negligence of defendant was established plaintiff refers to the fact that defendant lived in the vicinity of the accident and was familiar with the locality, and argues that she failed to keep a proper look-out and failed to keep her car under proper control; that as plaintiff rode a distance of approximately 35 feet to the center of Alpine Drive he was in plain view of defendant for a considerable distance after she drove around the bend on Alpine Drive; that the force with which the bicycle was struck, as indicated by the distance plaintiff was hurled

through the air, and also the distance which defendant travelled after the accident, approximately 200 feet according to plaintiff's evidence, give rise to inferences of negligence and of excessive speed. If the issues had been submitted to the jury and the jury had drawn inferences of negligence on the part of defendant it could not be held as a matter of law that such inferences were unreasonable.

The trial court also erred in concluding that plaintiff was guilty of negligence as a matter of law. The record contains positive evidence that plaintiff stopped his bicycle and looked in both directions before proceeding across Alpine Drive but did not see defendant's automobile. It is a general rule that one who commences to cross a street intersection and fails to look at or in the direction from which automobiles may be expected to be coming should be regarded as failing to take any precaution at all for his own safety. In such a situation the issue of his contributory negligence is usually a question of law for the court. But where, as here, one looks but does not see an approaching automobile, or seeing one, erroneously misjudges its speed or distance, the question is usually one for the jury. (*White* v. *Davis*, 103 Cal. App. 531 [284 Pac. 1086].) The rule just mentioned was applied in the case cited to a situation in which the plaintiff was an adult. It is especially appropriate in a case in which the plaintiff is a child of eleven years of age, who is not to be held to the same degree of care as an adult but is chargeable only with such ordinary care for his own safety as a prudent person of like age, intelligence and experience would exercise under similar circumstances.

The judgment is reversed.

Moore, P. J., and McComb, J., concurred.