[Civ. No. 12143.   First Dist., Div. Two.   Nov. 5, 1942.]

JOHN P. CONNOLLY, Respondent, v. ALFRED ZAFT et al., Appellants.

Albert Picard for Appellants.

Elton C. Lawless and Vincent W. Hallinan for Respondent.

NOURSE, P. J. — Defendants have appealed from a judgment in favor of plaintiff after a trial by the court sitting without a jury. The action was one to recover damages for personal injuries alleged to have been incurred when the plaintiff, a pedestrian, was struck by an automobile driven by the appellant Zaft with the consent and permission of appellant Sommers, the owner of the car. Neither the amount of the judgment nor the sufficiency of the evidence to sustain the finding of defendant's negligence is challenged. Appellants' sole contention is that the evidence required a finding as a matter of law that plaintiff was guilty of contributory negligence. We, of course, must view the evidence in the light most favorable to respondent.

The accident occurred at the well lighted intersection of Mission and 30th Streets in the city and county of San Francisco on July 15, 1939, at about 1:40 o'clock in the morning. Mission Street runs north and south and 30th Street runs east and west. There are pedestrian lanes at the intersection marked by metallic discs. There are street car tracks on Mission Street and a marked loading zone immediately to the north of the north pedestrian lane. Defendant Zaft was driving the automobile south on Mission Street. Plaintiff was walking west in the north pedestrian lane. As plaintiff left the east curb he looked up and down Mission Street but did not observe any traffic. When he reached the east rail of the north-bound tracks he again looked up and down the street but did not observe any traffic. When he reached the east rail of the south-bound tracks he looked to his right and then, for the first time, observed the defendant's car, then about 70 to 75 feet away traveling in the area of the south-bound tracks, going about 35 miles per hour and zigzagging. The headlights were illuminated and threw a beam of about 100 feet. The plaintiff moved back and forth and when struck was in approximately the same position as when he had first observed the car. He was struck by the right front headlight, which was broken. After the impact Zaft traveled about 40 feet into the middle of the intersection carrying or dragging the plaintiff with him. The plaintiff was found immediately in front of the right front wheel in an unconscious condition.

The rule of law applicable to the question presented is so well settled that a review of the numerous decisions wherein it has been repeatedly reiterated could serve no purpose. It is adequately expressed in the oft quoted language

in *White* v. *Davis,* 103 Cal.App. 531, 542 [284 P. 1086]: ''There seems to be a general rule running through the cases where a pedestrian, or one standing on a highway, is injured by an automobile, which usually determines whether the question of contributory negligence is one of law, or of fact. Where the injured party fails to look at all, or looks straight ahead without glancing to either side, or is in a position where he cannot see, or in other words, where he takes no precaution at all for his own safety, it is usually a question for the court. Where he looks but does not see an approaching automobile, or seeing one, erroneously misjudges its speed or distance, or for some other reason assumes he could avoid injury to himself, the question is usually one for the jury.'' Appellants expressly concede this to be the rule but seek to avoid its application upon the assertion that it may only be invoked when there are circumstances which account for the failure to see, such as heavy pedestrian traffic or the confusion of a busy intersection. The decided cases do not recognize any such qualification but to the contrary they have applied the rule frequently where no such circumstances were present. Nor do the three authorities cited by appellants support their contention. It is appellants' position that if plaintiff had looked, as he testified he did, he must have seen that which was plainly visible and that therefore he could not have looked. The identical contention was made and is answered in *Mann* v. *Scott,* 180 Cal. 550 [182 P. 281], where at pages 553 and 554 the court said: ''Appellants contend that, before leaving the sidewalk to board the street-car as it stood in Main Street opposite her, respondent, as a matter of law, was in duty bound to look toward the north to see if any automobile was approaching, and further, that, had she so looked, she necessarily must have seen appellants' on-coming automobile, and that, therefore, her testimony that she did look and saw no automobile is not enough to support a verdict in her favor—citing in support of this contention *Chrissinger* v. *Southern Pacific Ry. Co.,* 169 Cal. 619 [149 P. 175]—an action against a steam railway company. . . . There is no positive duty to stop, look, and listen when a pedestrian is about to cross a city street . . . ( . . . *Blackwell* v. *Renwick,* 21 Cal. App. 131 [131 P. 94]; . . . *Clark* v. *Bennett,* 123 Cal. 275 [55 P. 908].) (Compare, also, *Scott* v. *San Bernardino Valley Traction Co.,* 152 Cal. 604, 610 [93 P. 677].) The

question of negligence, under the usual rule of ordinary care that devolves upon foot-travelers, must be examined in the light of all the attendant circumstances, one of which may be knowledge of the existence of a statute or an ordinance prescribing certain fixed regulations for observance by automobile drivers. And it may be that if the jurors in this case rejected, as improbable, respondent's testimony that she looked and saw no approaching automobile, they, nevertheless, concluded—as well they might—that if she did see the automobile before leaving the sidewalk, she reasoned that its driver would comply with the city ordinance, referred to in the court's instructions, requiring an automobile traveling behind a street-car to stop 10 feet in the rear of the car if it stops to let off or take on passengers, until the passengers have safely alighted from or boarded the car. Whether, if she saw the automobile, respondent would have been warranted in going toward the street-car without further watching the automobile approach, relying upon a compliance by the appellants with the requirements of the ordinance, was a question upon which men's minds might well differ, and hence it was properly a case for the jury. . . .'' Here, as in the Mann case, plaintiff was entitled to the right of way (Veh. Code, § 560a) and could properly assume that it would be yielded to him (*Ladas* v. *Johnson's B. & W. Taxicab Co.*, 43 Cal.App.2d 223, 228 [110 P.2d 449]) at least until the contrary was evident. In the instant case there is a further answer to appellants' argument. Plaintiff's purpose in looking was to ascertain signs of danger. The trial court, in view of the testimony as to the speed of the car, might reasonably have inferred that when plaintiff looked the first and second times the car was so far distant as not to be an apparent menace and that, therefore, its presence made no impression on plaintiff's mind. We certainly cannot say that such an inference is unreasonable as a matter of law, particularly in view of the fact that plaintiff was entitled to assume that the car was proceeding at a lawful rate of speed. (*Collom* v. *Bloch,* 70 Cal.App. 33, 38 [232 P. 486].)

The three cases relied upon by appellant are clearly distinguishable upon their facts. In *Finkle* v. *Tait,* 55 Cal. App. 425 [203 P. 1031], the street was wet, it was very dark, the plaintiff was carrying a box on his shoulder which obstructed his vision, the defendant was traveling at a slow rate of speed, and the accident did not happen at an intersection. The distinction seems manifest. In *Horton* v. *Stoll,*

3 Cal.App.2d 687 [40 P.2d 603] the court said: "It was plaintiff's further duty from the position she was in upon the highway to yield to defendant the right of way (California Veh. Act, § 131½c)." Here the contrary was true. In *Flores* v. *Los Angeles Railway Corp.*, 15 Cal.App.2d 576 [59 P.2d 856], the plaintiff stepped off the curb contrary to the direction of a police officer and without looking in either direction walked into the side of a street-car which had started to cross the intersection before the signals had changed to indicate that traffic should proceed in the other direction. That the Flores case must be confined to its particular facts is clear from the opinion in *Young* v. *Tassop*, 47 Cal.App.2d 557 [118 P.2d 371], wherein it is distinguished.

At the oral argument appellants argued that when plaintiff did observe the car about 70 to 75 feet away he could have avoided the accident by merely taking a step backwards and that it was contributory negligence for him not to have done so. This argument is fallacious for at least three reasons: first, it was not yet apparent that the car could not be stopped before reaching the pedestrian zone, and we certainly cannot say as a matter of law that plaintiff was not entitled to presume that it would be; second, in view of the fact that the point of impact was the right front light, or under appellants' theory the right front fender, the trial court might very properly have concluded that had the car been proceeding at a lawful rate plaintiff would have been clear of its path before it reached the intersection; and third, appellants' car was zigzagging so that the lower court could have concluded that this erratic conduct confused plaintiff and that it was this confusion which caused him to step forward and backward not knowing immediately the safest course to pursue.

This case presents nothing more than the ordinary case of a conflict in the evidence. As we are compelled to reiterate with tiring regularity we cannot disturb a finding based upon such a conflict where there is substantial competent evidence to support it.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.