[Civ. No. 13897.   First Dist., Div. Two.   May 19, 1949.]

THOMAS SCOTT, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

P. H. McCarthy, Jr., F. Nason O'Hara and Herbert S. Johnson for Appellant.

John J. O'Toole, City Attorney, Sylvain J. Leipsic and William F. Bourne, Deputy City Attorneys, for Respondents.

DOOLING, J.—Plaintiff appeals from a judgment of nonsuit. ▮ On October 7, 1946 between 4 and 4:30 p. m. plaintiff was struck by a northbound streetcar of the San Francisco Municipal Railway operated over San Bruno avenue. Plaintiff was employed by a roofing contractor as a member of a crew engaged in installing a roof on a building under construction. His particular duty was to tend the tar kettle in which tar was heated for use in the construction of the roof. There was a pile of debris in front of the building and workmen of defendant had dug a trench in the street leading to the building for the installation of a water or sewer pipe. By reason of the trench and the debris the tar kettle had been placed within 3 feet of the overhang of streetcars operated on the northbound track. Just before the casualty to plaintiff occurred the tar had caught on fire and he had gone between the northbound track and the kettle to the south end of the kettle to trip the lid and thus extinguish the fire. From that point, taking the testimony most favorable to plaintiff, the following occurred:

Plaintiff looked south along the car track and saw nothing approaching from that direction. He then turned and walked between the kettle and the northbound track with his back to approaching traffic from the south. He heard no streetcar bell or other warning and he was struck from the rear by the overhang of the front of the northbound municipal car. Two workmen on the roof of the building under construction testified for plaintiff. They saw the plaintiff walking between the kettle and the track with his back to the oncoming streetcar when, according to one witness, the streetcar was 150 feet from plaintiff. The car was traveling from 20 to 25 miles per hour and did not slacken its speed until after striking the plaintiff. These witnesses heard no bell or other warning.

That the jury could find that the streetcar was negligently operated is clear. ▮ Testimony that no bell or warning

signal was heard by witnesses in a position to hear is sufficient to support a finding that none was sounded. (*Ostertag* v. *Bethlehem etc. Corp.*, 65 Cal.App.2d 795, 800 [151 P.2d 647]; *White* v. *Los Angeles Ry. Corp.*, 73 Cal.App.2d 720, 727 [167 P.2d 530].) ■■■ That the witnesses on the roof on cross-examination stated that they could not testify positively that no warning was sounded but only that they heard none goes only to the weight of their testimony and the plaintiff's own testimony that he heard no warning signal was not qualified in any way. The plaintiff if advised of the approach of the car could have avoided being struck by moving toward the kettle and away from the track a distance of a foot or less. The evidence that the car was 150 feet from plaintiff when first seen by one witnesss, that it did not slacken speed until plaintiff was struck and that it was stopped in 120 feet from that point also presented a question of fact on defendants' negligence.

Plaintiff's contributory negligence in our judgment was also not established as a matter of law. ■■ One whose duties require him to work in a public street is not held to the same quantum of care as a pedestrian. (*Mecham* v. *Crump,* 137 Cal. App. 200, 203-204 [30 P.2d 568]; *State etc. Ins. Fund* v. *Scamell,* 73 Cal.App. 285, 290 et seq. [238 P. 780]; 23 Cal.Jur. 891; 2 Cal.Jur. 10-Yr. Supp. 427-429.) Plaintiff testified that he looked to the south and saw nothing. The laborer in the street is required to use a lesser quantum of care than a pedestrian and even in the case of a pedestrian evidence that he looked in the direction from which danger might be expected and saw nothing ordinarily raises a jury question as to his contributory negligence. In *White* v. *Davis,* 103 Cal.App. 531, 542 [284 P. 1086] the court said:

"There seems to be a general rule running through the cases where a pedestrian, or one standing on a highway, is injured by an automobile, which usually determines whether the question of contributory negligence is one of law, or of fact. Where the injured party fails to look at all, or looks straight ahead without glancing to either side, or is in a position where he cannot see, or in other words, where he takes no precaution at all for his own safety, it is usually a question for the court. Where he looks but does not see an approaching automobile, or seeing one, erroneously misjudges its speed or distance, or for some other reason assumes he could avoid injury to himself, the question is usually one for the jury."

This case has been followed on this point in *Rapp* v. *Southern Service Co.*, 116 Cal.App. 699, 703-704 [4 P.2d 195]; *Reichle* v. *Hazie*, 22 Cal.App.2d 543, 545-546 [71 P.2d 849]; *Lowell* v. *Harris*, 24 Cal.App.2d 70, 84 [74 P.2d 551]; *Hart* v. *Irvine*, 46 Cal.App.2d 805, 808 [117 P.2d 11]; *Young* v. *Tassop*, 47 Cal.App.2d 557, 562-563 [118 P.2d 371]; and *Connolly* v. *Zaft*, 55 Cal.App.2d 383, 385 [130 P.2d 752].

Respondents suggest that the rule with regard to the quantum of care required of workmen in public streets should be limited to those whose work has a direct relation to the streets, i. e., to street sweepers, trackmen, etc. The rule has not been so limited. In *Zumwalt* v. *E. H. Tryon, Inc.*, 126 Cal.App. 583 [14 P.2d 912] the rule was applied to a sheepherder driving his band of sheep along a public road and in *Ostertag* v. *Bethlehem etc. Corp.*, *supra*, 65 Cal.App.2d 795 [151 P.2d 647], the rule was applied to one working in the interior of a building under construction, the court saying at page 801:

"The courts have often recognized that where a person must work in a position of possible danger the amount of care which he is bound to exercise for his own safety may well be less by reason of the necessity of his giving attention to his work than would otherwise be the case."

Giving plaintiff's evidence its most favorable construction as we must on appeal from a nonsuit it is clear that the case should not have been taken from the jury.

Judgment reversed.

Nourse, P. J., and Goodell, J., concurred.