[Civ. No. 17882. Second Dist., Div. Two. Oct. 17, 1950.]

FLORENCE SAPHIRE, Respondent, v. LOS ANGELES TRANSIT LINES (a Corporation), Appellant.

Harry B. Dowsing for Appellant.

A. J. Blackman for Respondent.

MOORE, P. J.—Defendant has appealed from a judgment entered against it on a finding that the negligent operation of its westbound "9" streetcar on its private right of way caused injury to respondent. Contemporaneously with the arrival of the "9" car at the easterly curb of Vermont Avenue, appellants' "F" car moving south on Vermont arrived at the loading zone a short distance north of the private right of way. The "9" car was operated by motorman Hazelton; the "F" car was in charge of one Sholander. As Hazelton waited on the east curb, his view of the vehicular traffic going south on Vermont was obscured by the standing "F" car. Because his view was so obstructed he waited where he stood to be reassured by Sholander that the "F" car would remain in its position while the "9" car crossed the avenue. Having been signalled by the latter, Hazelton proceeded across Vermont at about 4 or 5 miles an hour. As he could not clearly observe the traffic on the west side of Vermont, so, also, a motorist proceeding southward on that avenue could not, at the moment of passing the "F" car, see the "9" car as it moved across the avenue. Thus when Hazelton arrived at the lane of traffic west of the standing "F" car he was suddenly confronted with the Solomon automobile going about 10 miles an hour as it approached the oncoming westbound "9" car. The "9" car struck the sedan 9 feet east of the west curb of Vermont and pushed it about 6 feet along the tracks.

From the facts established the court below found that both Hazelton and the operator of the Solomon sedan were negligent. Both blindly drove engines of destruction into an area where they knew they were likely to encounter perils. Two facts are outstanding: (1) the "9" car struck the sedan; (2) the former had the right of way. While, as the trial judge said, Hazelton "had the right to assume that the driver of the automobile would exercise ordinary care and would yield the right of way" yet he knew that he was approaching a dangerous situation: a traffic-congested portion of a popular avenue concealed from his view by streetcar "F." He could not see the motorcars coming toward the westbound tracks until he was practically at the lane of travel. Although his behavior might have been free from negligence in rural or suburban communities he knew that near the intersection of

Vermont and the private right of way he might meet a south-bound motorcar at any moment of a summer's day as he was crossing Vermont Avenue. Therefore he should have proceeded at a speed at which he could bring the car to a standstill within such time as he might be sure of avoiding a collision. Instead of his making a sudden stop, notwithstanding his prompt effort to do so, he drove on, to the damage of the innocent passenger in the colliding vehicle.

▇ While the negligence of Hazelton was slight, still it was a proximate cause of the collision and contributed to respondent's injuries. As a passenger she had nothing to do with the operation of the sedan. Therefore she is not chargeable with the negligence of its driver. By the exercise of a modicum of his ordinary care Hazelton would not have struck the automobile. His speed under the circumstances was greater than reasonable care warranted. The amount of ordinary care exercised by the driver of any power-propelled conveyance should be measured by the probable perils to be encountered. ▇ A traffic-congested avenue in a highly developed area with a standing streetcar obscuring the view of the operator of a conveyance crossing such avenue is a place fraught with such perils. Such an area imposes upon the operator the obligation to be constantly on the lookout and to use such reasonable precautions as the circumstances require. His failure to do so is culpable negligence. (*Taylor* v. *Pacific Electric Ry. Co.*, 172 Cal. 638, 646 [158 P. 119].) ▇ On arriving at a street intersection the duties of the motorman and the chauffeur are reciprocal. Each is required to approach it with due regard for the right of the other, "and in such manner as not unreasonably to infringe upon the rights of the other." ▇ Merely because a streetcar runs on steel rails, it has not for that reason "an absolute or preeminent right of way over intersections." (*Primm* v. *Market Street Ry. Co.*, 56 Cal.App.2d 480, 486 [132 P.2d 482] ; *Wright* v. *Los Angeles Ry. Corp.*, 14 Cal.2d 168, 173 [93 P.2d 135] ; *O'Connor* v. *United Railroads*, 168 Cal. 43, 48 [141 P. 809].) ▇ Instead of watching out for the traffic concealed by the "F" car, Hazelton was watching that car. This was negligent inattention to potential perils. (*Collier* v. *Los Angeles Ry. Co.*, 60 Cal.App.2d 169, 175 [140 P.2d 206].)

▇ Moreover, in view of the findings, Hazelton did not give any warning of his approach nor give one at such reasonable time prior to his arrival at the west rail of the southbound

tracks as to forewarn the driver of the approaching automobile. Such failure was negligence and the question of his culpability is an issue for the trial court's determination. (*Lund* v. *Pacific Electric Ry. Co.*, 25 Cal.2d 287, 298 [153 P.2d 705]; *White* v. *Los Angeles Ry. Corp.*, 73 Cal.App.2d 720, 727 [167 P.2d 530]; *Scott* v. *City & County of San Francisco*, 91 Cal.App.2d 887, 889 [206 P.2d 45]; *Charves* v. *San Francisco-Oakland Terminal Rys.*, 44 Cal.App. 221, 224 [186 P. 154].) Respondent testified that no bell was sounded and that is sufficient. (*Simonet* v. *Pellissier & Sons*, 61 Cal. App.2d 41, 45 [141 P.2d 922]; *Thompson* v. *Los Angeles & S. D. B. Ry. Co.*, 165 Cal. 748, 752 [134 P. 709]; *Charves* v. *San Francisco-Oakland Terminal Rys., supra.*) The facts having been determined by the trial court, are not open to question on appeal if the reasonable inferences drawn from such testimony constitute sufficient proof to establish the issue. (*Brice* v. *Evans*, 97 Cal.App.2d 412, 416 [217 P.2d 738]; *Erreca* v. *Western States Life Ins. Co.*, 19 Cal.2d 388, 397 [121 P.2d 689, 141 A.L.R. 68]; *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].) Any substantial testimony is sufficient support for a finding.

· Appellant's attack upon the reasoning of the trial judge in deriving his decision is in vain. It has long been established that neither the opinion of a trial judge nor his remarks in the course of trial can impeach the findings of the court. (*Stone* v. *Los Angeles County Flood Control Dist.*, 81 Cal.App.2d 902, 907 [185 P.2d 396]; *Redsted* v. *Weiss*, 73 Cal.App.2d 889, 891 [167 P.2d 735].)

Judgment affirmed.

McComb, J., and Wilson, J., concurred.