[Civ. No. 20330.   Second Dist., Div. One.   Dec. 22, 1954.]

CLIFFIE C. WESTBROOK, Respondent, v. HENRY RENEAU et al., Appellants.

Hugh E. Macbeth, Jr., for Appellants.

David A. Fall for Respondent.

DORAN, J.—The present appeal is concerned primarily with the nature of certain contributions made towards the purchase, reconversion and operation of a small vessel known

as the "M. V. Star of Honduras." It is contended by plaintiff that these contributions were by way of loans, for services rendered, etc., and were not intended as partnership contributions.

During the early part of 1948, Henry Reneau and Hugh E. Macbeth banded together for the exportation of such items as bananas, cocoanuts and hardwood from British Honduras. In an attempt to finance this venture these parties obtained certain moneys from various individuals, promising that a limited partnership would be formed, and that the money contributed would be returned at any time demanded regardless of whether the partnership made a profit. The funds obtained were used by Reneau and Macbeth to purchase the vessel, previously known as the "L. C. I. 1062," and to convert the same into a cargo vessel. Title was taken in the name of Henry Reneau. The various claims had been assigned to plaintiff.

Henry Reneau employed plaintiff's assignor, Percy Anderson, to work aboard the vessel while it was being converted, at wages of $400 per month, and later when the ship sailed on September 11, 1949, Anderson was persuaded to continue employment as purser or owner's agent. It was promised that money would be sent ahead to finance operations, but at several ports Percy Anderson was obliged to expend personal funds for this purpose.

Prior to the sailing of the M. V. Star of Honduras from Long Beach, appellant Hugh E. Macbeth prepared articles and certificates of limited partnership, but these papers were not signed by all of the parties named therein, none of the signatures were notarized, and the papers were never filed; nor was an accounting ever given to plaintiff's assignors. One of the parties, Brandon A. T. Bowlin, refused to sign, and received back the money paid.

During the trip, at the defendants' demand, plaintiff's assignors on various occasions furnished more money for operating expenses, some of which was sent to Percy Anderson. When the vessel arrived at Havana, Henry Reneau flew there to take charge of affairs and Percy Anderson returned to the United States. Thereafter the ship was grounded on a reef off British Honduras; after being removed therefrom, a cargo of lumber was carried to the Port of Isabela de Sagua, Cuba, at which port the vessel was sold by Henry Reneau on November 16, 1949.

It is appellant's contention that the trial court's findings

to the effect that the moneys contributed by plaintiff's assignors were loans to the defendants, "are not supported by the evidence or the law." A similar contention is made in reference to the finding that "there was a total failure of consideration for the payments made by plaintiff's assignors."

As stated in respondent's brief, "The appellants grounds for appeal all involve questions of fact which were decided by the trial judge, and should be affirmed if there is any substantial evidence to support the question of facts so found." The above statement represents a long established rule of appellate practice that a reviewing court will not reverse the trial court on a disputed issue of fact where there is any substantial evidence to support the finding. And in this regard, all reasonable inferences must be indulged in toward upholding such findings.

In the instant case, the record undoubtedly discloses very substantial evidence in support of the trial court's findings. The over-all picture, as derived from the plaintiff's witnesses and reasonable inferences to be drawn from the circumstances surrounding the transaction furnish abundant support for the findings in reference to loans of money and failure of consideration.

The record discloses evidence to the effect that upon Reneau's return to the United States in December, 1949, plaintiff's assignors were falsely informed that the vessel had been seized by a Court of Admiralty in Havana, and to placate plaintiff's assignors, Macbeth told Reneau, "You go back and get a cargo of lumber and pay these people their money," which Reneau promised to do. Not being satisfied with Reneau's statement that the vessel had been seized, an attorney was employed to go to Cuba to investigate, and the present action for "money had and received and for money loaned" was filed. Reneau, Macbeth and others then filed a cross-complaint for "Accounting and Dissolution of Co-Partnership."

After a trial before a judge without a jury, judgment was rendered in favor of plaintiff in the sum of $18,096.46 and costs. The findings of the trial court were to the effect that plaintiff's assignors had loaned various sums of money to the defendants Reneau and Macbeth; that the said Percy Anderson had been employed by defendants as laborer and purser at a salary of $400 per month, for which services defendants were indebted in the sum of $1,600 with interest, and that

Anderson had loaned the sum of $1,500 to defendants, which accounts had been assigned to the plaintiff.

The trial court further found that the defendants Reneau and Macbeth had represented to plaintiff's assignors that "said defendants would make all of them Limited Partners in the Honduras Products Company, Ltd., if they would contribute money towards the purchase of the S.S. 'Star of Honduras' and in the costs of the operation of said vessel. That it is true that the defendants . . . did not cause the creation of a Limited Partnership, although each of plaintiff's assignors executed the Articles and the Certificate of Limited Partnership." The court also found that "It is not true that the plaintiff's assignors became general partners in the Honduras Products Company, Ltd."; that there was a "total failure of consideration for the payments made," and that the assignors received no "benefits from the defendants in return for money paid." The defendants Reneau and Macbeth were found to have "engaged themselves in a co-partnership."

The trial court further found that Reneau had sold the vessel in Cuba, "and that the vessel was neither lost or seized under the decree of any Court in Cuba, and that said defendant Henry Reneau concealed the fact of the sale" from all of the plaintiff's assignors. From these findings the trial court concludes that plaintiff "is entitled to a judgment rescinding the partnership agreement for a Limited Partnership," and to receive back all moneys paid.

Nor are the findings and judgment contrary to the law. Much of appellant's argument is predicated upon the assumption that plaintiff's assignors were partners; that if any loan was made it was to the partnership and not to appellants, and that this action could not be maintained "prior to an accounting and settlement of the partnership affairs." This argument, as said in respondent's brief, "ignores the fact that the trial court found that no partnership relationship had ever been created. . . . These findings are supported by substantial evidence, and are not a subject of this appeal."

There is likewise no merit in appellant's assertion that the parol evidence rule was violated in the admission of evidence concerning the loan of money to the defendants. Although, as the trial court found, there were representations that contributors would become limited partners and articles were signed, no such partnership was ever effected. In such a situation as is here present the parol evidence rule does not

prevent a searching inquiry into the real nature of the transaction.

The same may be said in reference to appellant's assertion that "The trial court had no jurisdiction to render its judgment adjudicating the rescission of the contract and Articles of Limited Partnership without having all the parties." This apparently relates the trial court's Conclusion of Law I, "That the plaintiff Cliffie C. Westbrook is entitled to a judgment rescinding the partnership agreement for a Limited Partnership" and to receive back all moneys paid. As said in respondent's brief, "The Conclusion, though not necessary to support the Judgment rendered, merely . . . rescinds the agreement 'for a partnership' which in itself was never consummated," and was consistent with the finding that at no time was there a partnership between plaintiff's assignors and the defendants. ▮ And, as respondent avers, plaintiff's action was based on total failure of consideration, in which case no notice of rescission or offer to restore was essential. (*Orton* v. *Privett,* 202 Cal. 754 [262 P. 713] ; *Cherry* v. *Hayden,* 100 Cal.App.2d 416 [223 P.2d 878].)

▮ Appellant's contention that the plaintiff did not act promptly in bringing the action and is barred by laches, is likewise untenable. The record discloses that during the 19 months which elapsed, the defendants continued to assure the contributors of the near success of the enterprise, and to guarantee a return of the money furnished. It will also be recalled that Henry Reneau did not return to California and make a report until December of 1949, at which time plaintiff's assignors were not advised of the sale of the vessel but were told that it had been seized by a court of admiralty in Cuba. The present action was filed some four months after Reneau's report, and even at that time all the facts were not known to plaintiff's assignors. Moreover, the relief granted was not in equity, but in law.

Complaint is also made "that the trial court erred in ruling at the close of plaintiff's case . . . that 'There need be no accounting on the basis of plaintiff's evidence and that the defense may introduce evidence to determine the issues of contributions, loans and services." As answered in respondent's brief, "The reading of the evidence as a whole, makes it readily apparent that the trial court properly refused evidence as to an accounting, and did not prejudge the issues nor limit in any manner the defense of the defendant."

▮ And, as said in *Saphire* v. *Los Angeles Transit Lines,*

99 Cal.App.2d 880, 884 [222 P.2d 956], "It has long been established that neither the opinion of the trial judge nor his remarks in the course of the trial can impeach the findings of the court."

Appellant's contention that "The Court erred in awarding judgment against the defendants in the sum of $1,600 or any other sum on account of the assigned claim of Percy Anderson for services rendered," is without merit. The record discloses substantial evidence that Anderson was employed aboard the "State of Honduras" for a period of four months, the first two months in the reconversion of the vessel and as chauffeur and ship's agent, and the last two months in the capacity of ship's agent and purser. Anderson was employed by the defendant Reneau, the rate of pay was $400 per month, and the employment was continuous. Appellant's claim that Anderson's services as purser were under a separate oral contract and barred by the two-year statute of limitation provided for in section 339, subdivision (1) of the Code of Civil Procedure is untenable. Nor was reversible error committed in permitting plaintiff to amend the complaint during the trial so as to include the latter claim. Such an amendment was well within the discretion of the trial court. The trial court properly awarded judgment for the various sums of money loaned by Percy Anderson.

Examination of the entire record indicates that the defendants were accorded a full and fair trial of all issues, and that no prejudicial error was committed.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied January 10, 1955, and the petition of Appellant Hugh E. Macbeth for a hearing by the Supreme Court was denied February 16, 1955.