[Civ. No. 16089.   First Dist., Div. Two.   Dec. 29, 1954.]

JULIO PAOLI, Respondent, v. L. C. SMITH COMPANY (a Corporation), Appellant.

Mullin & Cost for Appellant.

O'Keefe & O'Keefe and James T. O'Keefe, Jr., for Respondent.

NOURSE, P. .J.—This is a useless appeal from a purely factual decision for plaintiff on conflicting evidence.

The action was on an agreement in writing to pay $1,500. The agreement was received in evidence and reads:

"Re:   Installation of Street Improvements
Belvue Heights Subd'n.  Belmont

"With further reference to the above matter and particularly in connection with certain proposed modifications of the original procedure: In consideration thereof, we undertake to make you an allowance of $1,000.00 from the original bid, making the amended total $46,486.90 instead of the amount heretofore.

"Furthermore, we are prepared to give you an additional rebate of $500.00, if we are permitted to substitute a suitable 5 inch rock base and 1½ inches of asphaltic concrete, in lieu

or in place of the 6 inch rock base and 1 inch armor coat originally specified.

"Your further consideration of this matter will be greatly appreciated.

Yours truly

L. C. SMITH

L. C. SMITH—PRESIDENT

APPROVED AND ACCEPTED THIS          DAY OF NOVEMBER, 1950

JULIO PAOLI"

Plaintiff wished to subdivide lands owned by him in the city of Belmont under the name Belview Heights. The city required certain improvements for streets, sewers, et cetera, and instituted improvement proceedings under the Improvement Act of 1911, Streets and Highways Code, section 5000 et seq. Accordingly the city of Belmont called for bids for the planned improvements in October, 1950. The costs would become an encumbrance on plaintiff's property. Defendant was the lowest bidder with a bid of approximately $47,500; there would be moreover more than $8,000 incidental expenses. Plaintiff objected to the high total costs. After the hearing by the city council had been adjourned, there was a conference between plaintiff and L. C. Smith, the director of defendant, to find out whether the costs could be reduced and to avoid frustration of the improvement proceedings by plaintiff's protest under section 5220 et seq., Streets and Highways Code. The stated letter was the result of said conference. It was signed by plaintiff in the office of the city attorney of Belmont and his protest was thereupon withdrawn. Defendant's bid was accepted and it performed the work. The change in specifications to which the second paragraph of the letter relates was permitted. Another change in requirements, this time an increase, was caused by a request of the state in relation to an encroachment on the state highway (El Camino Real). The work was completed at the end or December, 1951, and defendant fully paid, the total payment for the improvements being $47,941.35. As to the above there is hardly any dispute. Plaintiff's testimony is corroborated by that of the city attorney of Belmont. It is conceded that the amount of $500 mentioned in the second paragraph of the letter became due.

However there are two points in controversy. Plaintiff testified that in his conference with Smith it was agreed that

defendant would pay him $1,000 if he withdrew his protest and defendant's bid was accepted, and that this was the meaning of the first paragraph of the letter. Mr. Smith testified that the $1,000 would be paid only if another change in specifications, not expressed in the letter (use of red rock from the area instead of crusher rock) would be permitted, which change was however refused. The vague and uncertain expression "in connection with certain proposed modifications of the original procedure" could relate to either of the agreements testified to. Moreover, Mr. Smith testified that it was later agreed with plaintiff that defendant would keep the $500 as compensation for the extra costs caused by the requirements of the state. This was denied by plaintiff who testified that these costs were included in the price paid.

Because of the uncertainty of the consideration expressed in the first paragraph of the letter the court correctly heard evidence as to the preceding oral negotiations. When such evidence has been received the question of the meaning of the writing is one of fact (*Walsh* v. *Walsh*, 18 Cal.2d 439, 444 [116 P.2d 62]). As to this and the other point in dispute the trial court believed the testimony of plaintiff. Then this court cannot reject it. That would be so even if plaintiff's evidence had been much less believable than is the case here. (*Evje* v. *City Title Ins. Co.*, 120 Cal.App.2d 488, 492 [261 P.2d 279]; *Tinsley* v. *Bauer*, 125 Cal.App.2d 714, 718 [271 P.2d 110].) Appellant's further contention that certain comments of the court at the trial and some alleged minor misstatements in the court's written opinion showed that the court was unable to follow the testimony adduced at the trial cannot be considered by this court. "It has long been established that neither the opinion of a trial judge nor his remarks in the course of trial can impeach the findings of the court." (*Saphire* v. *Los Angeles Transit Lines*, 99 Cal. App.2d 880, 884 [222 P.2d 956]; *DeCou* v. *Howell*, 190 Cal. 741, 751 [214 P. 444].)

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.