No. 19,298.

HARVEY VAN BUREN THOMPSON, JR. *v.*
JOE NASH GURULE, ET AL.
(360 P. [2d] 679)

Decided March 20, 1961.   Rehearing denied April 10, 1961.

Messrs. WORMWOOD, O'DELL & WOLVINGTON, Mr. PAUL D. RENNER, for plaintiff in error.

Mr. ROBERT L. TOGNONI, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

THE parties appear here in reverse order to their appearance in the trial court, and we will refer to them as they there appeared or by name.

About 6 o'clock on a winter's evening an automobile driven by plaintiff, Joe Nash Gurule, collided with an automobile driven by defendant Thompson at an uncontrolled intersection in Arapahoe County. Gurule's wife and minor daughter were passengers in his car at the time of the accident. Plaintiffs brought this action against Thompson alleging generally that Thompson's negligence was the proximate cause of personal injuries to plaintiffs and of the damage to Gurule's automobile.

Defendant by answer denied negligence and affirmatively averred that plaintiffs were contributorily negligent. By agreement the case was tried to the court. At the conclusion of the trial the court took the case under advisement and later made written findings and conclusions wherein it generally found for each of the plaintiffs and against defendant, and entered judgment in favor of Joe Nash Gurule for $3,000; in favor of the minor daughter Loretta for $250; and for the wife Stella Gurule for $100. Motion for new trial was dispensed with and the defendant is here by writ of error seeking reversal.

Error is assigned to the finding of the trial court that defendant was negligent, and that Joe Nash Gurule was

free of contributory negligence. Particular complaint is made that there is no competent evidence upon which the trial court could base its express finding that at the time and place of the collision defendant was driving with his headlights turned off. Defendant also attacks the monetary awards, specifically contending that the evidence fails to show that either Stella or Loretta Gurule suffered personal injuries of any consequence. Similarly he contends that the trial court was not justified in finding that Joe Nash Gurule suffered injury to his right ear with a resulting impairment of hearing.

On the issue of liability, this having been a trial to the court, the defendant's position of necessity is that defendant as a *matter of law* was not negligent, or alternatively, that Gurule was contributorily negligent as a matter of law. As noted, the trial court held, inter alia, that defendant was negligent in failing to have his headlights burning, and that this fact excused Gurule's admitted failure or inability to see defendant's vehicle prior to the collision. *If* the trial court was justified in finding that defendant's headlights were not burning at the time of the collision, such finding is binding in this court, unless so manifestly against the weight of the evidence as to compel a contrary conclusion.

Both Joe and Stella Gurule testified that they were proceeding in a northerly direction on South Canosa Court and upon approaching the intersection of South Canosa Court with West Girard Avenue each looked both to the east and west and saw no approaching cars, nor any lighted headlights on any such car, and apprehending no crisis they proceeded into the intersection when their progress was abruptly ended by a violent collision with an automobile driven by Thompson. Gurule testified that he looked "both ways" but that there simply were no headlights to indicate that the car driven by defendant was approaching from the west. Stella corroborated his testimony and confessed that she was a "front seat driver," asserting that she too looked to the

west for approaching automobiles but saw nothing, i.e. no approaching automobile nor lighted headlights.

■ Defendant testified that his headlights actually were burning and a passenger in his car corroborated this testimony. This presented nothing more than a conflict in the evidence which it was the province of the trial court to resolve, and there being sufficient competent evidence to support the finding it may not be disturbed.

Nevertheless defendant asserts that plaintiffs' evidence of "no lights" is of a "negative" character and when contrasted to the "positive" testimony of defendant that his lights were on is not sufficient to pose a question of fact to be determined by the trier of the facts.

■ However, Joe and Stella Gurule's testimony that they were in a position to see the lights of the defendant's automobile if they were in fact burning, and that they in fact viewed the spatial area within which defendant's car of necessity was traveling, but that notwithstanding such careful look neither saw any lights, is deemed sufficient to establish a prima facie case that defendant's lights were in fact *not* burning, and presented an issue of fact which the trial court was required to determine. 32 C.J.S. at page 1079 presents the rule in the following language:

"A witness' testimony of failure to see or hear is negative if he was paying no particular attention; testimony that the witness did not see or hear something which he would have observed had it occurred is more commonly regarded as positive; and testimony that an event did not occur, *given by one who was in a position to observe,* is positive. Testimony may be positive in character although amounting to a negative statement or showing a negative situation." (Emphasis supplied.)

■ In support of the proposition that testimony by one in a position to observe that he saw no lights or testimony by one in a position to hear that he heard no warning signal is sufficient to support a finding that no

lights were in fact on, nor was any warning signal sounded, see *Perry v. Butler,* 142 Me. 154, 48 A. 2d 631; *Merlino v. Southern Pac. Ry. Co.,* 132 Cal. App. 2d 58, 281 P. (2d) 583; *Loftin v. Kubica,* (Fla.) 68 So. 2d 390; *Scott v. City and County of San Francisco,* 91 Cal. App. 2d 887, 206 P. (2d) 45; *Washington v. City and County of San Francisco,* 123 Cal. App. 2d 235, 266 P. (2d) 828.

In opposition to the foregoing defendant relies upon *Zang v. Wright,* 93 Colo. 80, 23 P. (2d) 580. However, the factual situation in that case differs from that in the instant case in an important detail. In the Zang case at page 83 of the state report it is said:

"Plaintiff's *only* evidence upon this particular issue [no lights] was the testimony of plaintiff's father who testified that, in making this turn, he did not see the defendant's car at all until after the collision occurred. * * * The father may have testified truly that he did not see the defendant's car until after the collision. But, if he did not, *it was because he was not looking towards the east,* but probably was looking north to see if any car from that direction was proceeding south along the west side of Columbine street * * *." (Emphasis supplied.)

In the instant case both Gurules testified they looked to the west and saw no lights. The trial court being faced with conflicting evidence, although not compelled to so find, was nevertheless justified in finding that defendant's car had no headlights turned on.

Such determination justifies the trial court in determining that Gurule was excused for his inability to see and avoid defendant's unlighted vehicle. The additional contention that Gurule was contributorily negligent because of his speed is without merit. He testified that he was going 15 miles per hour at the time and such would justify the trial court in finding that he was not because of his speed contributorily negligent.

On the issue of damages defendant's chief complaint is that the trial court was not justified in finding

that Gurule's right ear was injured with a resulting impairment of hearing and with the reasonable suggestion of curative surgery. Gurule testified that though he had for a long time experienced difficulty with his *left* ear, he had no trouble whatsoever with his *right* ear before the accident. He further testified that in the collision he was thrown violently forward and struck the right side of his head against the dashboard. Shortly thereafter he began to notice pain in that area and later sensed that the hearing power in his right ear was on the wane. Plaintiffs' expert witness, an ear, nose and throat doctor, testified that both of Gurule's ear drums were perforated, but that the left ear drum showed evidence of draining and infection whereas the right ear drum was dry. Without objection the doctor testified that inasmuch as there was no evidence of recent infection in the right ear drum it could be "assumed" that the perforation of the right ear drum was due to trauma and not infection. The doctor also testified as to hearing deficiencies in both the right and left ears and then proceeded to relate how corrective surgery would mend the break in the middle right ear drum. Defendant's expert testimony disputed much of plaintiffs' medical testimony.

In this state of the record the trial court was justified in holding that Gurule suffered injury to his right ear with resulting impairment in hearing, with the probability of corrective surgery being required.

Defendant complains that the awards to the wife and daughter were excessive. There was testimony that they were thrown about in the car and suffered the usual bruises, abrasions and shock attendant upon such occurrence. We cannot regard the award of $250 to Loretta, nor that of $100 to Stella Gurule as excessive.

The judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DOYLE concur.